CORNELL ET AL., APPELLANTS, *v.* MATTHEWS ET AL., RESPONDENTS.

(No. 1,622.)

(Submitted June 19, 1903. Decided July 9, 1903.)

*Appeal—Record—Certified Copies of Papers.*

1.  Under Code of Civil Procedure, Section 1738, declaring that, on an appeal from an order granting a new trial, the appellant must furnish the court with a copy of a notice of appeal, of the order appealed from, and of the papers designated in Section 1176, etc., the court can only consider "copies" of the papers referred to; and hence a record on appeal, composed of original papers withdrawn from the files of the district court, will not support an appeal.
2.  The supreme court has no jurisdiction of an appeal unless the record on appeal conforms to the requirements of the statute.

*Appeal from District Court, Lewis and Clarke County; S. H. McIntire, Judge.*

Action by J. R. Cornell and another against Lyman A. Matthews and another. From an order granting a new trial, plaintiffs appeal. Appeal dismissed.

*Mr. Albert I. Loeb,* for Appellants.

*Mr. T. J. Walsh,* for Respondents.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by plaintiffs for the purpose of perpetually enjoining defendants from obstructing or otherwise interfering with a right of way which plaintiffs claim to have over the lands of the defendants. The district court found for the plaintiffs, and directed the injunction to issue as prayed. The defendants thereupon moved for a new trial. From the order granting it the plaintiffs have appealed.

None of the questions submitted by appellants may be considered or decided, because of the condition of the record filed in this court. Besides a copy of the notice of appeal and the index, it consists only of the original bill of exceptions settled by the district court granting the order. This has embodied in it the original statement prepared by defendants and settled by the court in support of the motion. It thus appears that the entire record, with the exception of the notice and index, is made up of original papers which have been withdrawn from the files of the district court. Section 1736 of the Code of Civil Procedure provides that, "on an appeal from a final judgment, the appellant must furnish the court with a copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement in the case" upon which he relies. Section 1738 declares that, on appeal from an order granting or refusing a new trial, the appellant must furnish the court with a *copy* of

the notice of appeal, of the order appealed from, and of the papers designated in Section 1176. This latter section enumerates the papers which shall constitute the record on appeal from an order granting or refusing a new trial. It is manifest from these provisions, when taken together with Sections 1739 and 1740, that the record presented to this court must consist of certified *copies,* instead of the original papers constituting the files of the district court. The reason underlying these provisions is also manifest. The records of the district court must remain permanently on file with the clerk, except when original exhibits which have been made a part of the record in that court may be certified to this court under the rule. (Rule VII.) Even in these cases such exhibits are required to remain permanently among the files of this court only when bound in the record. When not bound in the record, they may be withdrawn and returned to the files of the district court, where they belong. Everything else, however, becomes a part of the records of this court, and must remain in the custody of the clerk. Such being the case, only records properly certified up by copy can lawfully become and remain constituent parts of the records of this court; otherwise, important parts of the records of the various district courts throughout the state would become incorporated in the records of this court, and to this extent the character of those courts as courts of record would be destroyed.

From these considerations it follows that the record in this case is not such a one as that this court may consider or determine any question sought to be presented by it. It is of no consequence whether the files of the district court are incorporated in the record on appeal by the implied consent of parties or by permission of the judge of the district court, as seems to have been the case here. Furthermore, this court has no jurisdiction of the appeal, unless the requirements of these statutory provisions have been observed. Its appellate jurisdiction may be exercised only under limitations and regulations prescribed by law touching the time within which and the mode by which appeals may be taken. (Constitution, Article VIII, Sec. 3;

*State ex rel. Whiteside* v. *District Court,* 24 Mont. 539, 63 Pac. 395; *Finlen* v. *Heinze,* 27 Mont. 107, 69 Pac. 829; *Finlen* v. *Heinze,* 27 Mont. 123, 70 Pac. 517.) The provisions of the statute above referred to define the mode by which appeals may be effectually taken to this court, and are mandatory. (*Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972.)

The appeal must therefore be dismissed. It is so ordered. It is further ordered that the clerk of this court return to the clerk of the district court the bill of exceptions, after detaching therefrom the cover, the index, the copy of the notice of appeal, and the certificate.

*Dismissed.*