DOWAGIAC MFG. CO. v. BRENNAN & CO. et al.

(Circuit Court, W. D. Kentucky. October 5, 1907.)

APPEAL AND ERROR—RECORD—AUTHORIZING USE OF ORIGINAL PAPERS.

Clause 4 of rule 14 of the Circuit Courts of Appeals (150 Fed. xxix, 79 C. C. A. xxix), which provides that "whenever it shall be necessary or proper in the opinion of the presiding judge in any Circuit or District Court that original papers of any kind should be inspected in this court upon writ of error or appeal, such presiding judge may make such rule or order for the safe-keeping, transporting and return of such original papers as to him may seem proper," fixes the limit within which the presiding judge may act in such matter and he is not authorized to make an order for incorporating original papers introduced in evidence in the record on

appeal, instead of copies, merely for the purpose of saving expense to the parties, nor unless in his opinion an inspection of the originals by the appellate court, as distinguished from authenticated copies, is either necessary or would be useful or aidful in the determination of the appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2639.]

Fred L. Chappell, for complainant.
Staley & Bowman, for defendants.

EVANS, District Judge. A stipulation of counsel has been filed in this case to the effect that a large—doubtless very much the larger—part of the papers which constitute the files of the record and upon which the court acted in determining the controversy shall, without being copied, be sent up to the Circuit Court of Appeals to be considered by that court as part of the record before it on the hearing of the two separate appeals which have been taken by the parties, respectively, from the judgment rendered by this court, and a motion has been made for an order accordingly. The counsel who presented the matter stated that the motion was based upon what it was supposed would be a proper or (we infer) an admissible construction of rule 14 of the Circuit Court of Appeals of this Circuit. 150 Fed. xxviii; 79 C. C. A. xxviii.

In passing upon the motion, we shall assume that this rule fixes the limit to which the Circuit Court of Appeals was willing to go or to permit another court or judge having no control over the appellate proceedings to go in such cases. Ordinarily under the statute there is annexed to the writ of error or to the order allowing an appeal a complete transcript of the entire record, including not only the record proper as fixed by section 750 of the Revised Statutes [U. S. Comp. St. 1901, p. 591], but all of the evidence considered at the hearing. Clause 4 of rule 14 provides for an exception, if it can be called such, in this language:

"Whenever it shall be necessary or proper, in the opinion of the presiding judge in any circuit or district court, that original papers of any kind should be inspected in this court upon writ of error or appeal, such presiding judge may make such rule or order for the safe-keeping, transporting and return of such original papers as to him may seem proper, and this court will receive and consider such original papers in connection with the transcript of the proceedings."

The writer, the presiding judge in this case, is now called upon to decide whether it is "necessary" or "proper" that the original papers shall be "inspected" by the Circuit Court of Appeals in lieu of copies in order to a proper understanding of the questions involved on the respective appeals. It may be presumed that this power was delegated to the presiding judge upon the idea that he had acquired pretty full if not accurate ideas and information about the case so as to enable him, after final judgment, to see whether an inspection of the original papers, instead of duly authenticated copies, would be necessary or proper in enabling the appellate court to fully understand the case. That such "inspection" of the original papers in this case would be "necessary" to that end is out of the question. The originals would not show a single thing essential to any decision which accurate copies

would not equally show. It is therefore impossible to conclude that it is "necessary" for the appellate court to "inspect" the originals as distinguished from authenticated copies.

Whether such an inspection would be "proper" is a matter of some delicacy for the presiding judge, inasmuch as it is inconceivable that there would be any impropriety in the inspection by the Circuit Court of Appeals of anything in the record, but we suppose the word meant something equivalent to the word "useful" or the word "aidful," if there be anything more than the idea of necessity involved in its meaning. Assuming that the rule intends to use the word "proper" in the sense of useful or aidful, we must again say that it seems to the presiding judge, with a perfect recollection of the matter, that the inspection of the originals, instead of copies, could not by any possibility aid the court in reaching a conclusion upon any question involved in the case. The inspection of the copies and the inspection of the originals would be exactly as useful, the one with the other. So that we conclude, also, that within the proper interpretation of the rule the inspection of the originals as distinguished from the copies would not be "proper" because neither "useful" nor "aidful." Besides, it must have been the policy of Congress, as well as the appellate court, not to require original papers and records to be taken out of the custody of the courts of original jurisdiction and of their clerks, and sent to distant points with all the attendant risks of loss and destruction, unless there were some useful or necessary purpose to be subserved, in which event, of course, other considerations ought to give way. Familiar instances suggest themselves in this connection, namely, where there might be a conflict over handwriting or authenticity of documents or their age. Also, there may have been exhibited machines or models or other things, but these are provided for by the thirty-fourth rule of the Circuit Court of Appeals, and refer to "material" exhibits. The least attention to that rule would show that it had no reference whatever to written evidence. In appeals it has always been intended that copies should be transmitted, and, as the record is usually printed for the appellate court, the judges of that court need not otherwise, and most probably would not otherwise, see the originals, and the danger of losing or mutilating important papers if they are sent to the printer in the originals would be very considerable.

These are the general views we entertain; but, in the case before us, there was no reason for the motion given at the hearing except that copies would be expensive, which meant that the clerk would not get his legitimate fees for making them. This does not seem to be a good reason here, as the parties neither sue nor defend in forma pauperis. And it may not be amiss to remark that in his opinion in this very case the presiding judge felt called upon to remark upon the extravagance and recklessness of at least one of the parties in the filing of papers as parts of the testimony. What was thus done was not the fault of the clerk, and, if matter was put in which it would be expensive to copy, the doing of that was the work of the parties to the litigation. Upon the whole case, and as at present advised, we do not think it would be a wise or useful precedent, nor a thing in itself nec-

essary or proper, to do as the parties desire. The motion is accordingly overruled.

Since writing as above, our attention has been directed to the opinion of the Supreme Court in the case of Craig v. Smith, 100 U. S. 226, 25 L. Ed. 277, which fully supports all we have said. Among other things it was there held that papers belonging to the files of the court should not be removed therefrom except in cases of positive necessity, and therefore, when an appeal is taken no order for transmitting such papers ought to be made, unless the actual inspection of them as originals is required to enable the appellate court to give them their just and full effect in the determination of the suit.

Though in this matter acting for the Circuit Court of Appeals under rule 14, we have not overlooked sections 698 and 750 of the Revised Statutes (under which we may say that our ruling would have been precisely the same), but we have preferred to be guided entirely by the rule of the court where the appeals are pending, particularly as it has fixed the limits within which the presiding judge may act for it after the case has passed from his court.