## WALLACE *v.* COONS.

[No. 7,250. Filed May 23, 1911. Rehearing denied October 26, 1911.]

1. APPEAL. — *Precipe.* — *Certificate.* — *Bills of Exceptions.* — *"Evidence."*—Where appellant's precipe directed the clerk to "prepare and certify a full, true and complete transcript of all the papers, orders, evidence and proceedings, filed and had in" the cause, and the clerk certified that the transcript contained "full, true and correct copies of all papers * * * and * * * the original bill of exceptions, containing the evidence * * * as required by said precipe, and as directed by the plaintiff herein,"

the bill of exceptions is a part of the record, the direction to include the "evidence" being equivalent to a direction to include the bill of exceptions, which alone contained the evidence, the clerk's certificate curing the defect, if any exists.   pp. 514, 515.

2.   APPEAL.—*Transcript.*—*Copies.*—With the exception of the bill of exceptions (see §§657, 667 Burns 1908, Acts 1897 p. 244, Acts 1903 p. 338, §7), the transcript on appeal may contain only copies of the papers and entries below; and if the originals thereof be certified they cannot be considered.   p. 515.

3.   CONTRACTS.—*Sales of Animals.*—*Breach.*—*Market Price.*—*Complaint.*—A complaint for the breach of a contract for the purchase of hogs, alleging that the plaintiff, upon defendant's refusal to accept the hogs, shipped them to the Union Stockyards at Indianapolis and sold them at a certain price, being the best price he could obtain, sufficiently shows that he sold them at the market price.   *Ridgley* v. *Mooney*, 16 Ind. App. 362, distinguished.   p. 516.

4.   PLEADING.—*Evidence.*—*Judicial Notice.*—A complaint alleging that animals were sold at a stockyard sufficiently shows that they were sold at the market price, since courts judicially know that the sale of animals at such places determines the market price. p. 517.

5.   CONTRACTS. — *Sales.* — *Breach.* — *Notice.* — In an action for the breach of an executory contract to purchase hogs, it is not necessary for the plaintiff, after the vendee's refusal to accept the hogs, to prove that he gave such vendee notice of the sale of the hogs, since the title remained in the vendor, and the action was merely for the breach of contract.   p. 517.

6.   CONTRACTS.—*Sales.*—*Breach.*—*Special Findings.*—In an action for the breach of an executory contract to purchase a certain number of hogs, special findings that defendant refused to accept the hogs, that the plaintiff sold them and that his loss thereon in consequence of such refusal was a certain sum, requires a judgment for the plaintiff in such amount.  p. 518.

From Johnson Circuit Court, *William E. Deupree,* Judge.

Action by Elijah S. Wallace against William H. Coons. From a judgment for defendant, plaintiff appeals. *Reversed.*

*William Featherngill,* for appellant.

*Elba L. Branigin* and *Thomas Williams,* for appellee.

IBACH, J.—Action by Elijah S. Wallace, against William H. Coons, for damages on account of the breach of a written contract for the sale of a carload of hogs.   The complaint was in two paragraphs.   In brief, the averments of the first

are as follows: That on July 6, 1906, appellant and appellee entered into a written contract, whereby Wallace agreed, at any time during the last half of August, 1906, upon two days' notice, to deliver to Coons at Indianapolis, Indiana, a double-deck carload of hogs, each hog weighing two hundred pounds, or more, the total net weight of the carload to be 32,000 pounds, to be weighed at Indianapolis, which Coons agreed to purchase from Wallace, and to pay him for the hogs $7 a hundred pounds; that after July 6, 1906, Wallace, at great labor and expense, purchased the number and kind of hogs described in said contract, and kept them in Putnam and Hendricks counties, Indiana, ready to be delivered to Coons at any time during the last half of August, 1906, on notice from Coons; that Coons failed to designate any time when he would receive said hogs; that on August 31, 1906, Coons having failed to designate any time when he would accept said hogs, Wallace shipped them to the Union Stockyards at Indianapolis, Indiana, and sold them to other persons for $6.37½ a hundred pounds, that being the best price he could obtain; that Wallace fully performed all his part of the obligations of said contract, and by reason of Coons's failure to accept the hogs during said time at the agreed price, Wallace sold them to other persons at a great loss, and was damaged in the sum of $200, which amount Coons has not paid.

The second paragraph sets forth practically the same preliminary facts, and avers that Wallace agreed to sell the hogs to Coons; that he kept the hogs ready to be weighed at Indianapolis and sold to Coons, and that he sold the hogs to other parties at a loss of $200.

A demurrer to each paragraph of the complaint was overruled, and an answer in general denial was filed. The cause was tried without a jury. The court made and filed a special finding of facts and stated its conclusions of law thereon, to the effect that plaintiff take nothing in his action,

and that defendant recover costs. Plaintiff's motions to amend the special findings, for leave to amend his complaint, and for a new trial, were overruled, and judgment was rendered against him for costs.

Appellant insists that his motion for a new trial should have been sustained, for the reasons that the decision of the court is not sustained by sufficient evidence and is contrary to law.

1. Appellee contends that the bill of exceptions is not in the record, and therefore no question raised by the motion for a new trial can be considered.

The precipe for the transcript filed by appellant, omitting the title of the cause, is as follows: "The clerk of the Johnson Circuit Court will prepare and certify a full, true and complete transcript of all the papers, orders, evidence and proceedings, filed and had in the above-entitled cause, to be used on appeal to the Appellate Court of Indiana, as follows, to wit: * * * (5) The evidence given in said cause." The certificate of the clerk, as amended, the amendment having been authorized by this court on October 26, 1909, is as follows: "I, Joseph A. Schmith, clerk of the Johnson Circuit Court, within and for said county and State, do hereby certify that the above and foregoing transcript contains full, true and correct copies of all papers and entries in said cause required by the above and foregoing precipe, and that said transcript contains the original bill of exceptions, containing the evidence introduced in said cause, as required by said precipe, and as directed by the plaintiff herein named." He also certifies to the filing on May 23, 1908, by the stenographer, of the longhand transcript of the evidence, that is incorporated in the bill of exceptions and made a part of the transcript, and that the regular judge of the court signed the bill, and ordered it made a part of the record, that it was filed in the clerk's office, and is the bill of exceptions contained in the transcript. Appellee earnestly insists that the bill of exceptions

is not in the record, because no bill of exceptions is mentioned in the precipe, and that the clerk is directed only to certify a transcript of the evidence given in said cause.

It is well understood that under our code of civil procedure all papers, entries and documents must be copied into the transcript on appeal to the Supreme Court and Appellate Court, and that no original paper can be incorporated in such transcript; and if any such original paper, entry or document is so made a part of the transcript, it will not be considered. §691 Burns 1908, §650 R. S. 1881; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447. The only exception to this rule is that made by §§657, 667 Burns 1908, Acts 1897 p. 244, Acts 1903 p. 338, §7, in which it is provided that the original bill of exceptions containing the evidence need not be copied into the transcript, but the original may be included in it, and thereby become a part of it, and this court is required to give it due consideration.

It will be observed that the precipe in this case notified the clerk to prepare a full, true and complete transcript of all the papers, orders, evidence and proceedings in the case, and specifically to include in the transcript "the evidence given in said cause," and the clerk certified that the "transcript contains the original bill of exceptions, containing the evidence introduced in said cause, as required by the precipe and as directed by the plaintiff." The precipe does not in specific terms direct the clerk to make a copy of the bill of exceptions, but it does direct him to include in the transcript the evidence given in the cause. The certificate is in the form provided for by §7 of the act of 1903 (Acts 1903 p. 338, §667 Burns 1908), and complies in all respects with the law prescribing what the clerk's certificate in such instances should contain, and when this appears, any irregularities in the precipe will be cured by the certificate of the clerk. The original bill of exceptions containing the evidence is included in the transcript, as

fully appears from the clerk's certificate, and since the precipe directs the clerk to certify a full, true and complete transcript of the evidence given in the case, and in compliance therewith the original bill of exceptions is incorporated in the transcript, we conclude that the bill of exceptions is properly before us, and that we are authorized to consider the motion for a new trial.

It is assigned as one reason for a new trial that the decision of the court is contrary to law. To determine this question, we must look first to the sufficiency of the complaint. Appellee urges that the first paragraph is bad, for failure to allege that the hogs were sold at the market price, and to sustain his contention he relies largely on the case of *Ridgley* v. *Mooney* (1896), 16 Ind. App. 362, a suit for damages for breach of a contract to purchase a quantity of chestnut bark. The complaint in that case did not allege specifically the time or place of sale of the bark, but that the plaintiff "sold it within a reasonable time and exercised due diligence, and by good faith tried to realize the best price he could for the bark, and did realize the best attainable price therefor at said time." It was correctly held insufficient, because it contained no allegation that the price obtained for the bark was the market value at the time and place of delivery under the contract.

The complaint which we are considering can be readily distinguished from the complaint in the case of *Ridgley* v. *Mooney, supra.* Though it does not allege in terms that the hogs were sold at the market price at the time and place of delivery, it does allege that on August 31, 1906, Wallace shipped the hogs to the Union Stockyards at Indianapolis, Indiana, and sold them at $6.37½ a hundred pounds, that being the best price he could obtain. This averment is equivalent to an averment in terms that the hogs were sold for the highest market price at the time and place of delivery mentioned in the contract, for it states facts showing that Wallace sold the hogs at the time (August, 1906) and

place (Indianapolis, Indiana), in the Union Stockyards for the best price there obtainable. It is a matter of common knowledge that a stockyard is a market for hogs and cattle, and the best price there obtainable must be the best market price, for sales there made determine the market price. ''Courts of necessity take notice of the ordinary course of business and the common methods by which it is transacted.'' 7 Ency. Ev. 935. They note ''whatever ought to be generally known within the limits of their jurisdiction.'' *Simpson* v. *Pittsburg, etc., Glass Co.* (1902), 28 Ind. App. 343. See, also, 1 Hogate, Pl. and Pr. §353. We eliminate further consideration of the second paragraph of the complaint, as it is clearly insufficient.

The court found specially, among other things, that on August 30, 1906, Wallace shipped the hogs, purchased for Coons, to Mansfield & Co., live-stock commission merchants at Indianapolis, Indiana, and that the hogs were sold by Mansfield & Co., at the Union Stockyards at Indianapolis, on August 31, 1906, to persons other than Coons, for $6.37½ a hundred pounds, that being the best price that could be obtained for them, and this finding was abundantly supported by the evidence. The special findings substantiate in every particular the allegations of the first paragraph of the complaint. The court also made certain findings—as to which there was no evidence—to the effect that appellant gave appellee no notice before selling the hogs. Such notice was immaterial. Had the title to the hogs passed by the contract to appellee, and had he refused to receive them, appellant could not have sold them again without giving notice to appellee, if he expected to hold him for the difference in price. But such is not the theory of the paragraph of complaint upon which, from the evidence, it appears the case was tried. From the allegations in the first paragraph it is evident that the theory is to recover damages for the difference between the price fixed in the contract—$7 a hundred pounds—and the

amount obtained at the stockyards at Indianapolis at the market price at the time of sale—$6.37½ a hundred pounds—which difference on 32,000 pounds, the weight of the carload specified in the contract, amounted to $200. The contract between Wallace and Coons was an executory contract of sale, and appellant, before selling the hogs to others, had no need to notify appellee, who had committed a breach of his executory contract, by failing to receive the hogs. *Dill* v. *Mumford* (1898), 19 Ind. App. 609; *Ridgley* v. *Mooney, supra.*

We do not commend the complaint as a model of clear and exact pleading, but we hold the first paragraph sufficient; and as it is sustained by the evidence and by the special findings of the court, and since the court erred in stating its conclusions of law, the case is reversed, and remanded to the trial court, with instructions to restate the conclusions of law in accordance with this opinion, and render judgment in favor of appellant, and against appellee in the sum of $200 and costs.