## DETERMINED IN THE

# SUPREME COURT

## OF THE STATE OF NEW MEXICO

### JANUARY TERM, 1915

[No. 1652, January 9, 1915.]

## BACA et al. v. UNKNOWN HEIRS OF JACINTO PALAEZ et al.

(Rehearing denied March 10, 1915.)

SYLLABUS BY THE COURT.

1. The record on appeal must show that it contains a transcript of all that portion of the record of the trial court necessary for a consideration of the questions presented for review, and the duty of having such a transcript properly prepared and filed rests upon the appellant or plaintiff in error.

P. 5

2. A referee, under section 24, c. 57, Sess. Laws 1907, may certify to the transcribed notes of the stenographer, so that the transcript of evidence may become a part of the record without any bill of exceptions; but he has no power to make up a transcript of the evidence and certify to the same after he has filed his report, because he is then functus officio.

P. 6

3. When a referee has performed the duty imposed by the order of his appointment he is functus officio, and his acts are no more than the acts of a private individual. When he has filed his report and it has become a record of the court, his power over it is at an end and his relation to the case has ceased.

P. 7

Baca et al. v. Unknown Heirs, 20 N. M. 1

4. The first section of rule 22 of this court contemplates the incorporation into the transcript of the record the substance of voluminous exhibits, or exhibits which are important only as to the fact of their existence or as to small portions of their subject-matter or as establishing a negative fact, either by agreement of the parties as to the statement of the contents thereof, or a statement of the contents of the same settled by the trial judge; but it makes no provision for the sending of original exhibits to this court, and their omission, or the omission of the statement mentioned, from the transcript of record. .

P. 8

5. The second section of the rule was not designed to obviate the necessity of incorporating copies of exhibits in the transcript of record, but its only purpose was to authorize the sending of original exhibits to this court whenever, in the opinion of the district judge, an inspection of the original paper would disclose some facts which could not be made to appear by a copy thereof. Where a statement of the contents of exhibits is not agreed upon, or made up as provided by the first section of the rule in question, appellant or plaintiff in error must have a copy of the exhibits, essential to a review upon appeal, inserted in the transcript, even though the district judge orders the original exhibit or exhibits transmitted to the Supreme Court for inspection.

P. 8

6. Without express statutory authority, no original paper, document, or entry in a cause can be incorporated in the transcript filed on appeal in the Supreme Court; but all papers, documents, and entries must be copied into the transcript; and if any such original paper, document, or entry is incorporated in the transcript, it will be disregarded.

P. 12

Appeal from District Court, Sandoval County; M. C. Mechem, Judge.

Action by Trinidad Baca and others against the unknown heirs of Jacinto Palaez, deceased, and others. From judgment for plaintiffs, defendants appeal. Appeal dismissed.

T. B. CATRON and C. C. CATRON, of Santa Fé, for appellants.

(Brief on merits.)

A. B. McMILLEN, of Albuquerque, for appellees.

The transcript is imperfect and insufficient for the purpose of reviewing this case on appeal. No bill of exceptions was ever made up and only a portion of the evidence carried into transcript. The certificate is not in the form required by law.

Ch. 57, Laws of 1907.

The duty of framing and settling a bill of exceptions is judicial.

Elliott on App. Pro., Sec. 798; Ross v. Perry (N. M.) 120 Pac. 309; Byrne v. Clark, 31 Ill. App. 651; Emerson v. Clark, 2 Scam. 489; Seymour, etc. Co. v. Brodhecker, 130 Ind. 389; McCoy v. Walls, 30 N. E.———; Winter v. People, 10 Colo. App. 510; Mallers v. Whittier Machine Co., 170 L. 434; Virginia Dev. Co. v. Rich Patch Iron Co., 98 Va. 700; Darden v. Williams, 100 Tenn. 414; Vicksburg, etc. Co. v. Ragsdale, 51 Miss. 477; Witt v. Cuenod, 50 Pac. (N. M.) 328.

The order made by the trial court under the provisions of Rule 22 of the Supreme Court does not properly fall within the rule of voluminous and other exhibits.

2 Cyc. 1064 and cases cited; Roberts v. Parrish, 22 Pac. 136.

Either party, as of course, may have the referee's report confirmed, under the provisions of Sec. 154 of the Code, if exceptions are not filed within twenty days after

filing the report. This was true independent of statutes.

Williams v. Thomas, 3 N. M. 550; Newcomb v. White, 5 N. M. 438; Neher v. Armijo, 66 Pac. (N. M.) 519; Puter Baugh's Chan. Prac., sec. 185; Burns v. Rosenstein, 135 U. S. 445; Harding v. Handy, 11 Wheat. 126; Davis v. Schwartz, 155 U. S. 636; Kimberly v. Arns, 129 U. S. 524; Casquet v. Crescent City Brew. Co., 49 Fed. 493; 16 Cyc. 450.

The exceptions must specifically point out the matter to which the party excepts.

16 Cyc. 451 and notes 9 and 10; Story v. Livingston, 13 Peters, 359; Sheffield, etc. Co. v. Garden, 151 U. S. 585; Harding v. Handy, 11 Wheat. 103; 2 Foster's Fed. Prac., Séc. 315, p. 996.

## OPINION OF THE COURT.

ROBERTS, C. J.—This action was instituted in the court below by Trinidad Baca and other named plaintiffs against the unknown heirs of Jacinto Palaez, deceased, and other named defendants, for the partition of a tract of land known as the "La Majada grant," embracing approximately 54,404.1 acres, situated in the counties of Sandoval and Santa Fé, this state. Upon issue joined, the cause was, by agreement of the parties, submitted to Harry P. Owen, as referee, who took the evidence and reported the same to the court with his findings of fact and conclusions of law stated thereon. Exceptions to the findings of fact and conclusions of law were filed by certain of the defendants, represented by T. B. Catron and C. C. Catron, which were overruled by the trial court, except as to that part of the report providing for compensation to certain attorneys, and an order with the exception stated was entered approving the findings made by the referee and the conclusions of law stated thereon, and judgment of partition was entered. This judgment set out in detail the interest of each of the parties to the suit, approximately 175 in number, and ordered partition thereof among the several owners in accordance with the decree. Some of the defendants, but not all, have ap-

pealed from the decree, and seek to have reviewed in this court certain questions of law and fact, all more or less dependent upon the evidence taken before the referee. Appellees contend that none of the questions presented by appellants can be considered by this court because the appellants did not file or print such transcript of record as is required by law, but that the same shows upon its face that it is so imperfect and insufficient that none of the questions attempted to be raised can be reviewed by this court. Because of the state of the record appellees move to dismiss the appeal.

Appellees contend that a record on appeal must be on its face perfect, and, if it shows that it is imperfect, the court will not consider it; that, when a party attempts to take up less than the whole record, the burden is upon him to show that the portion of the record taken up contains all that is necessary to a review of the points involved.

[1] It is true that a record on appeal must show that it contains a transcript of all that portion of the record of the trial court necessary for a consideration of the questions presented for review, and the duty of having such a transcript properly prepared and filed rests upon the appellant or plaintiff in error. Section 31, c. 57, S. L. 1907, provides a method by which less than the entire record may be incorporated into the transcript, but under this section all that portion of the record, essential to a review in the Supreme Court of the questions presented, must be incorporated into the transcript of the record. In the case of Witt v. Cuenod, 9 N. M. 143, 50 Pac. 328, the territorial Supreme Court, in considering a similar statute, said:

> "The option granted of taking up only such part of the record as appellant or plaintiff in error deems 'necessary for a review of the judgment or decree,' instead of the whole record, was intended to lighten the burden of expenses, but not in any way to put the opposite party to any disadvantage, or change his position in any respect. Under the act of 1889, just as former-

ly, the appellant or plaintiff in error should have his case in this court, with nothing to be desired for a full and proper determination of the question of error or want of error in the lower court."

The praecipe filed, and the record in this case, show that appellants deliberately omitted important portions of the record; that they failed to include in the transcript all of the evidence essential to a determination of the questions presented; that that portion of the evidence which is included in the transcript is not properly certified, and cannot be reviewed by this court; that all' of the exhibits, numbering more than 175, were omitted from the transcript, and were sent to this court as original documents. The record shows that answers were filed by Margarita S. De Salazar and a large number of other defendants, who joined in the prayer for partition. There was an intervention upon behalf of Melquiades Ramirez and others which was brought into the record, and the matter was referred to the referee for trial; but the judgment disposing of this matter was not brought into the transcript. The amended and supplemental answer of T. B. Catron, filed January 6, 1912, was copied in the record; but .the order allowing the same and fixing the terms upon which it might be filed was omitted. No bill of exceptions was ever made up, and, as stated, only a portion of the evidence·was attempted to be carried into the transcript.

[2] Appellant sought to overcome the necessity of a bill of exceptions by having Harry P. Owen, the referee, make up and certify to the portion of the evidence which is incorporated in the record.

Section 24, c. 57, S. L. 1907, provides a method by which the·testimony, in all actions tried without a jury, may be made a part of the record without a bill of exceptions. The material portion of this section reads as follows:

"In all actions tried without a jury the testimony taken before a court or that taken by a referee, the transcribed notes of the stenogra-

pher in such cases, properly certified by the court
or referee, * * * shall become * * * a part of
the record for the purpose of having the cause
reviewed by the supreme court upon appeal or
writ of error, without any bill of exceptions."

[3] The report of the referee, included in the record, was filed on the 1st day of July, 1910; the partition decree was entered on the 16th day of July, 1913. It appears from the record that certain issues were referred to the referee, but his report upon the second reference is not included in the transcript. His certificate, to that portion of the transcript of the evidence which is incorporated in the record, was made on the 2d day of December, 1913. The decree having been entered on the 16th day of July, 1913, it is evident that some time prior thereto the referee must have filed his report under the second reference. This being true, any power which the referee had must have terminated at some date prior to the decree of July 16, 1913, and, waiving the question as to his power to determine what portion of the evidence is essential to a review of the questions raised or to be raised upon appeal, it is evident that he would be devoid of power to do any act, or perform any function after his power and functions have terminated.

Judge Brewer, writing the opinion in Arn v. Coleman, 11 Kan. 461, says:

"'A referee is born of an order; without it he
is not.' And when he has performed the duty
imposed by that order he is functus officio, and
his acts are no more than the acts of a private
individual. Up to the time his report is made
and filed he can modify and change it, he can
alter and amend it. But when once it has been
filed and become a record of the court, his power
over it is at an end, and his relation to the case
has ceased."

See, also, 34 Cyc. 849, and cases cited under note 19.

This being true, on the 2d day of December, 1913, when Harry P. Owen signed the certificate appended to the transcript of the evidence, he was not the referee, and

his act was only the act of a private individual, which gave no life or vitality to the certificate. The section of the act of 1907, quoted supra, contemplates the incorporation in the transcript of the record the report of the evidence taken before the referee, properly certified by that official, and filed by him with his report, or before he became functus officio. By reason of the foregoing, no portion of the evidence can be reviewed by this court.

[4, 5] While the foregoing disposes of this appeal and necessitates a dismissal of the same, there is another question of procedure which should be disposed of, involving as it does a construction of a rule of this court. Sections 1 and 2 of Rule 22 reads as follows:

"(1)  Voluminous exhibits, which are important only as to the fact of their existence or as to small portions of their subject-matter or as establishing a negative fact shall not be included in full in the record unless the trial judge shall so order; but a statement of their existence or substance with so much of their contents as shall be necessary to properly present the point at issue shall be agreed upon by the parties or settled by the trial judge and included in the record in place of the exhibits as omitted.

"(2)  Whenever it shall be necessary or proper in the opinion of the judge of any district court that original papers of any kind should be inspected in this court, upon appeal or writ of error, such judge may make such rule or order for the safe-keeping, transporting and return of such original papers as to him may seem proper, and this court will receive and consider such original papers in connection with a transcript of the proceedings."

Appellants have construed this rule to authorize the omission from the transcript of the record of all of the documents and exhibits introduced in evidence upon the trial of the cause, and the transmission of the same to this court, by order of the district court, in lieu of incorporating the same in the transcript of the evidence.

This is an erroneous interpretation of the language of the rule.

The appellate procedure act (chapter 57, S. L. 1907) does not authorize the insertion in the transcript of the record of the original of any of the papers, pleadings, etc., on file in the office of the clerk of the district court, nor the sending of such papers to this court detached from the record, and not certified and proved by the signature of the clerk and the seal of the court. It provides for a "transcript of the record," which must be filed in this court, the correctness of which is established by the signature of the clerk and the seal of the district court. every paper, or exhibit, filed in a cause tried in the district court, becomes a part of the files of the case in that court, where they should remain, so that the record in that court will always be full and complete. The transcript of the record, which is a copy of the records and files in the case certified as before stated, constitutes and is the record in this court, upon which the appeal is heard and determined, which remains permanently on file in the office of the clerk of this court. Thus each court, both being courts of record, have complete records of the cause. If the practice of sending original papers to this court in lieu of a transcript thereof had the sanction of law, which it has not, it would result in intolerable confusion, for parties would be required to search the records of both courts whenever it became necessary to examine the files of a case, for any purpose, which had been appealed to this court, and, in addition, there would always be the attendant danger of loss and destruction of the files during transmission.

The first section of the rule above quoted contemplates the incorporation into the transcript of the record the substance of voluminous exhibits, or exhibits which are important only as to the fact of their existence or as to small portions of their subject-matter or as establishing a negative fact, either by agreement of the parties as to the statement of the contents thereof, or a statement of the contents of the same settled by the trial judge; but it makes no provision for the sending of the original ex-

hibits to this court, and their omission, or the omission of the statement mentioned, from the transcript of record.. Where the substance is incorporated into the record, in either of the two modes, the statement of the same becomes a part of the record, and in like manner as other files or records in the case, and its verity is established in the same manner as other portions of the records by the certificate of the clerk and seal of the court.

The second section of the rule was not designed to obviate the necessity of incorporating copies of exhibits in the transcript of the record, but its only purpose was to authorize the sending of original exhibits to this court, whenever, in the opinion of the district judge, an inspection of the original paper would disclose some fact which could not be made to·appear by a copy thereof. Such, for example, as a comparison of handwriting, an attempted erasure, alteration, authenticity of documents or their age. Many other familiar illustrations might be suggested.

The use of such exhibits in this court is only temporary; and, when they have been received and inspected, of course they will be returned to the files of the .district court, where they properly belong. They are only withdrawn from the files of the district court, by order of the judge of that court, and sent to this court when in the opinion of the judge of that court, it is necessary and proper that this court should have before it the original exhibit or exhibits when it considers the case. Such exhibits do not become a part of the files of this court, but remain, as is proper, a part of the files of the district court.

The rule of court, thus construed—and the language used permits of no other interpretation—harmonizes with the appellate procedure act referred to. To give it any other construction would necessarily create a conflict between the statute and the rule, for, as stated, the statute requires a transcript of the record, properly certified, to be sent to the clerk of this court, and makes no provision whatever for sending any original pleading, exhibit, or other part of the record to this court. If this court could,

Baca et al. v. Unknown Heirs, 20 N. M. 1

by rule, dispense with the necessity of incorporating into the transcript a copy of exhibits introduced in evidence, it could, with equal propriety, provide that no transcript should be filed, but that all the original papers filed in the clerk's office of the district courts should be transmitted to this court, upon which it would review the case on appeal.

In the case of Dowagiac Mfg. Co. v. Brennan & Co. (C. C.) 156 Fed. 213, a rule of the Circuit Court of Appeals in the identical language of the second subdivision of our rule 22 was construed by Judge Evans. In that case the parties stipulated that the exhibits should not be copied into the transcript of the record, but that such exhibits should be transmitted to the Circuit Court of Appeals and considered by that court. Application was made to the district court for an order accordingly, which was denied.

In the case of Immanuel Presbyterian Church v. Riedy, 104 La. 314, 29 South. 149, the original exhibits were transmitted to the Supreme Court by order of the district court, and were not incorporated into the transcript of record. The court said:

"We have sometimes, upon the express written consent of all the parties to the litigation, to avoid expense, permitted them, on specifications of what papers are covered by such consent, acted upon records and papers irregularly before the court; but the district judge is without authority by an ex parte order to vary the law touching what should be inserted in or sent up on appeal, dehors the transcript. Papers sent up not covered by the clerk's certificate reach us with no official proof either of authenticity or of having been received in evidence in the trial court, and, outside of any question of authority, innumerable disputes between counsel would be the inevitable result of sanctioning such a departure from correct practice. Counsel of appellee strenuously objects to our taking cognizance of anything outside of the record and of the

clerk's regular legal certificate, and his objection is well grounded."

[6] Without express statutory authority, no original paper, document, or entry in a cause can be incorporated in the transcript filed on appeal in the Supreme Court, but all papers, documents, and entries must be copied into the transcript, and if any such original paper, document, or entry is incorporated in the transcript it will be disregarded. Mankin v. Pennsylvania Co., 160 Ind. 447, 67 N. E. 229; Bottigliero et al. v. Cozzi, 176 Ill. App. 311; Cornell v. Matthews, 28 Mont. 457, 72 Pac. 975; Wallace v. Coons, 48 Ind. App. 511, 95 N. E. 132; Courier Journal Job Printing Co. v. Columbia Fire Ins. Co. (Ky.) 54 S. W. 966. In this case the exhibits in question were not incorporated in the transcript at all, but were sent to the clerk of this court in a box.

In the case of Leach v. Mattix, 149 Ind. 146, 48 N. E. 791, the court said:

"It has been held by this court that, in the absence of statutory authority, an original paper or document cannot be certified to this court so as to become a part of the record. Goodwine v. Crane, 41 Ind. 335; Reid v. Houston, 49 Ind. 181."

For the reasons stated, this court could not receive and consider the original exhibits certified to this court in this case, even though we were not required to dismiss the appeal.

Appellees' motion to dismiss the appeal will be sustained, and it is so ordered.

HANNA and PARKER, J.J., concur.