ROBERTS, RESPONDENT, *v.* SINNOTT, APPELLANT.

(No. 3,739.)

(Submitted March 20, 1917.　Decided July 9, 1917.)

[169 Pac. 49.]

*Appeal and Error—Practice and Procedure—Record on Appeal —Contents—Service—Evidence—Error in Admission and Exclusion—Appeal from Judgment—Appeal from New Trial Order — Exhibits — Identification of Refused Instruction — Statutes.*

Appeal and Error—Record on Appeal—Contents—Service.

1.　On an appeal taken under the provisions of Chapter 149, Laws of 1915, the transcript must, under section 2, contain the evidence "requisite for the purposes of the appeal," which transcript appellant is required, under the rules of the supreme court, to serve on the respondent. (See Opinion on Motion for Rehearing.)

Same—Evidence—Error in Admission or Exclusion—Record on Appeal.

2.　Assignments of error relating to the admission and exclusion of evidence cannot, under the above Act, be considered where the evidence "requisite" for their consideration is not presented in the transcript on appeal.　(See Opinion on Motion for Rehearing.)

Same—Refusal of Instruction—Record on Appeal.

3.　An assignment of error based on the refusal of an instruction may not be considered on appeal where the instruction is not identified or presented in the manner commanded by section 6746, Revised Codes.

Same—Denial of New Trial—Record on Appeal.

4.　An assignment of error relating to an order denying appellant a new trial cannot be sustained where no error is made apparent in the judgment-roll, and in the absence of the evidence from the transcript. (Section 2, Chapter 149, *supra.*)　(See Opinion on Motion for Rehearing.)

ON MOTION FOR REHEARING.

Appeal and Error—Defective Record on Appeal—Correction on Terms.

5.　*Held,* that the rule that unless the record on appeal conforms to the requirements of the statute the supreme court has no jurisdiction to entertain the appeal, is abrogated by Chapter 149, Laws of 1915; *held,* further, that any defect or insufficiency, short of a total disregard of the law, is now subject to correction upon terms suitable to the offense.

Same—Practice—Record on Appeal from Judgment.

6.　If, under the above Chapter, the appeal is from a judgment and raises only errors of law appearing on the face of the judgment-roll, the appellant may rest upon the judgment-roll submitted as his transcript; but his adversary may bring up the stenographer's report of the trial to show that, notwithstanding appearances, the assigned errors were in reality of no substantial consequence.

Same—Practice—Record on Appeal from New Trial Order.

7.　If, under the Act *supra,* the appeal is from an order refusing a new trial, urging errors of law occurring at the trial, the appellant will

propose for his transcript not only the judgment-roll and his settled bill of exceptions, if there be one, but also any other proceedings, including such parts of the stenographic record as he thinks proper or necessary, and his adversary must propose, and have incorporated in the transcript, such additional matters as he thinks necessary to show that the supposed errors were cured, corrected or inconsequential.

Same—Practice—Insufficiency of Evidence—Record on Appeal.
  8. If the appeal under such statute seeks to present the insufficiency of the evidence, it will be necessary to incorporate all the evidence in the transcript on appeal.

Same—Practice—Exhibits—Record on Appeal.
  9. If, on such appeal, a question arises touching the accuracy of any paper or document set out in the transcript, the original, if not a part of the judgment-roll, may be brought up by either party, or, if a part of the judgment-roll, by the supreme court; and when there is a doubt in the mind of the court as to whether the transcript is accurate or ample, or whether any error was substantial or has been compensated, the court may resort to the stenographic record, if brought up, to set that doubt at rest.

Same—Refusal of Instruction—Identification—Record on Appeal.
  10. *Held*, that Chapter 135, Laws of 1915, providing what shall be deemed excepted to, was not designed to modify the provision of section 6746, subdivision 5, so as to do away with the necessity of identifying or authenticating in the transcript on appeal an instruction which was refused.

  MR. JUSTICE HOLLOWAY, Dissenting.

*Appeal from District Court, Jefferson County, in the Fifth Judicial District; Jno. B. McClernan, a Judge of the First District, presiding.*

ACTION by Paul H. Roberts against Clarence C. Sinnott. Judgment for plaintiff. Defendant appeals from the judgment and from an order denying a new trial. Affirmed. On motion for rehearing, order of affirmance vacated on condition that appellant file a proper transcript on appeal.

*Messrs. Day & Mapes,* for Appellant, submitted a brief; *Mr. E. C. Day* argued the cause orally.

*Messrs. Kelly & Kelly,* for Respondent, submitted a brief; *Mr. D. M. Kelly* argued the cause orally.

HONORABLE W. H. POORMAN, a Judge of the First Judicial District, sitting in place of the Chief Justice, delivered the opinion of the court.

This is an appeal from the judgment in favor of the plaintiff and from an order overruling defendant's motion for a new

trial.   The action is to foreclose a mechanic's lien and to obtain judgment against defendant for an alleged balance claimed to be due upon certain contracts for the construction by plaintiff, for defendant, of a dwelling-house.   The case was tried to a jury and a verdict returned in favor of plaintiff.

The notice of intention to move for a new trial specifies as the grounds thereof: (a) Insufficiency of the evidence; (b) that the verdict is against law; (c) errors in law occurring at the trial, *etc.*   The errors assigned on this appeal relate to (1) the admission of evidence over defendant's objection; (2) striking out of evidence, over objection of defendant; (3) refusal to give defendant's instruction No. 14; (4) error in overruling defendant's motion for a new trial.

It is maintained by appellant that the appeal is taken under the provisions of Chapter 149 of the Laws of the Fourteenth Legislative Assembly.   The respondent maintains that the judgment appealed from should be affirmed or the appeal dismissed, for the reason that the record presented is not sufficient to enable the court to consider any of the errors assigned.

It is disclosed by the record that on the tenth day of July, 1915, appellant served notice on the respondent that he desired to incorporate in his transcript all of the stenographer's notes of the testimony taken on the trial, and that he would also require the clerk to certify to the supreme court the original exhibits on file in the case, "and that these documents and exhibits will be used on the appeal, instead of the bill of exceptions or statement pursuant to the provisions of Chapter 149 of the Laws of the Fourteenth Legislative Assembly."

On the tenth day of September, 1915, the "transcript on appeal" was filed in the supreme court, and the same was within the time required served upon the attorneys for the respondent. This transcript on appeal contains the judgment-roll and some other papers, but does not contain any of the testimony in the case.   The transcript was printed.   A transcript of the evidence was made by the stenographer, which was, on August 31, 1915, agreed to by the counsel for appellant and respondent as cor-

rect. This stenographer's transcript was not printed, and never was served upon the counsel for respondent, but was filed in this court on September 10, 1915. There is not any record of appellant's proposed instruction No. 14 except the fact that there appears in the transcript on appeal an instruction bearing that number, and there is not any record that the same ever was presented to the district court or was ever passed upon by that court. There is not any doubt of the insufficiency of this record, under the statute and the rules relating to appeals, unless the same is made sufficient by the provisions of the law above referred to (Chapter 149, Laws of 1915).

Section 1 of this law provides: "All pleadings, docket entries, minute entries, judgments, all the minutes of the trial court, including all papers and files, all testimony, exhibits and other evidence, whether settled in a bill of exceptions or statement of the case or not, shall be deemed to be brought up by an appeal and to be subject to review, and to be deemed part of the record on appeal in all cases. * * * The supreme court may ordain rules to regulate the manner in which any such papers may be brought up. In the absence of such rules, the following procedure may be followed." It is then provided that if the appellant desires to incorporate in his transcript all or any part of the stenographer's notes or transcript, or any paper not appearing in the judgment-roll, or any bill of exceptions or statement of the case, he shall file and serve a *praecipe*, stating what papers and what, if any, part of the stenographer's notes or transcript he desires to have incorporated in the transcript on appeal. The respondent may then serve and file a *praecipe*, stating what additional matters or other evidence he desires to have incorporated in the transcript. The transcript shall then be composed of the matters so designated, and of the judgment-roll.

The supreme court has not, since the enactment of this Chapter, ordained any rules relating to appeals; nor does the statute conflict with the rules of court theretofore existing relating to the service and printing of transcripts on appeal. Section 2 of the Act makes provision for "a stenographer's transcript," and

contains statements to the effect that the said stenographer's transcript, when authenticated as required by the Act, may be filed with the clerk of the supreme court, "and shall then be deemed to be before the supreme court for all purposes of the appeal," *etc.* "Such stenographer's transcript may be referred to by the supreme court for the decision of any matter before the court, including questions of the sufficiency of the evidence, and regarding the settlement of instructions, as fully as if it had been [made a] part of a bill of exceptions or statement of the case, as well as to supplement the record or correct any insufficiency or defect therein. This provision, however, shall not be construed as relieving the appellant from having the same printed as a part of the transcript on appeal, when requisite for the purpose of his appeal, nor relieve the respondent from the necessity of specifying in his *praecipe* what, if any, parts or additional parts of such stenographer's transcript he desires incorporated in the transcript on appeal by the clerk of the district court."

Section 1 of the Act relates to the "transcript on appeal," which, under the rules of this court, must be served on the adverse party; and section 2 relates to the "stenographer's transcript," and not any provision is made, either in the Act or in the rules of the court, for its service. Section 1 gives direction as to what papers may be included in the transcript, and specifically provides that, if any parts of the stenographer's notes are required to be incorporated, the same must be specified in the *praecipe*.

Section 2 gives authority for the filing of the stenographer's transcript, and specially provides that this provision shall not be construed as relieving the appellant from having the same incorporated as a part of his transcript on appeal. Whatever [1] else this section 2 may mean, it certainly does mean that the evidence "requisite for the purposes of" the appeal should be "incorporated in the transcript on appeal," and under the rules of this court such transcript must be served on the respondent. A transcript, it is true, may consist of more than one volume, but it must be made up as provided by law.

Appellant's assignments of error Nos. 1 and 2, relating to the [2] admission and exclusion of evidence, cannot be considered for the reason that the evidence requisite for their consideration is not in the transcript on appeal.

Assignment No. 3, relating to defendant's proposed instruction [3] No. 14, cannot be considered, for the reason that said instruction is not identified or presented in the manner commanded by the statute, section 6746, Revised Codes. (*Robinson v. Helena L. & Ry. Co.*, 38 Mont. 222, 99 Pac. 837.)

Assignment No. 4, relating to the order overruling defendant's motion for a new trial, cannot be sustained, for the reason [4] that no errors are apparent in the judgment-roll, and the evidence is not in the transcript on appeal as required by said Chapter 149.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

MR. CHIEF JUSTICE BRANTLY being absent, did not hear the argument and takes no part in the foregoing decision.

---

## ON MOTION FOR REHEARING.

(Submitted October 2, 1917. Decided December 11, 1917.)

MR. JUSTICE SANNER delivered the opinion of the court.

Further consideration of this case on motion for rehearing convinces us that, while the conclusions announced touching the meaning of Chapter 149, Session Laws of 1915, are correct so far as they go, the final order of affirmance is too drastic. The appeals were sought to be taken under the provisions of that Act, and it is confessed by the opinion itself, as well as generally notorious, that the Act is not easy to construe. Being on the statute books, however, the appellant was entitled to follow it if he could, and he ought not to be deprived of a hearing on the

merits merely because he has failed to properly apply it at the
first attempt.   We have been doubtful and hesitant ourselves,
and the appellant's perplexities are apparently not different
from ours.   For these reasons we have decided to vacate the
order of affirmance and to hear the appeals, provided the appel-
lant shall within thirty days hereafter serve and file such a tran-
script as the Act requires.   That he may do this, and for the
information of litigants, generally, we proceed to state what the
Act means, according to our present understanding of it.

Reduced to its lowest terms, the Act provides:

(a) ''All pleadings, docket entries, minute entries, judgments,
all the minutes of the trial court, including all papers and files,
all testimony, exhibits and other evidence, whether settled in a
bill of exceptions or statement of the case or not, shall be
deemed to be brought up by an appeal and to be subject to re-
view, and to be deemed part of the record on appeal in all cases.''
This is clear and comprehensive.   It means that all the pro-
ceedings in the court below may be brought up and submitted
for consideration by either party on any appeal whatsoever.   It
is, and was intended to be, a distinct departure from the only
system theretofore recognized whereby this court was restricted
in its investigations to what was made to appear upon the judg-
ment-roll, or in a settled bill of exceptions, according to the
nature of the appeal.

(b) ''It shall not, however, be necessary actually to bring
all such papers before the supreme court, or to print them; only
such as may be material or proper or necessary to be considered
on the appeal need be brought up or printed.''   In other words,
although the entire proceedings in the trial court are ''deemed''
before the supreme court, only such of them are in reality there
as are actually brought up.

(c) ''If the appellant desire to incorporate in his transcript
\* \* \* any paper or matter not appearing in the judgment-
roll or in a bill of exceptions \* \* \* he shall serve \* \* \*
and file \* \* \* a *praecipe* stating what \* \* \* he de-
sires to have incorporated; \* \* \* thereafter \* \* \* any

other party to the case  *  *  *  may serve  *  *  *  and
file  *  *  *  a *praecipe* specifying what other matters  *  *  *
he desires to have incorporated;  *  *  *  a transcript of the
papers so designated  *  *  *  shall  *  *  *  be deemed suffi-
cient for all purposes of the appeal.  *  *  *  In case of disa-
greement between parties regarding the insertion of any matter
in the transcript or its omission, the question  *  *  *  shall
be  *  *  *  settled by the judge who tried the case or  *  *  *
the supreme court  *  *  *  if it shall deem proper.'' The
effect of this is to recognize that the formal and sufficient record
may consist of the judgment-roll, with or without a settled bill
of exceptions, depending upon the character of the appeal; to
prescribe the method by which is actually brought up to the
supreme court so much of the proceedings not so presented as
may be material, proper or necessary to be considered, and to
say that the matter so brought up, with the judgment-roll or
bill of exceptions as the case may be—printed or not as the
rules require—constitutes the formal record or transcript on
appeal.

(d) ''In any case where the proceedings  *  *  *  have been
reported by the official stenographer  *  *  *  and his notes
shall have been transcribed and filed  *  *  *  and  *  *  *
certified by the court or judge as correct  *  *  *  or
agreed to by  *  *  *  the attorney such transcript may at the
request of either party be forwarded to the clerk of the supreme
court with the transcript on appeal.  *  *  *  Such stenog-
rapher's transcript may be referred to by the supreme court for
the decision of any matter before the court  *  *  *  as fully
as if it had been part of the bill of exceptions  *  *  *  as well
as to supplement the record or correct any insufficiency or defect
therein.  This provision, however, shall not be construed as re-
lieving the appellant from having the same printed as part of
the transcript on appeal when requisite for the purposes of his
appeal, nor relieve the respondent from the necessity of specify-
ing in his *praecipe* what if any parts or additional parts of
such stenographer's transcript he desires incorporated in the

transcript on appeal." This means that, for the information of this court, to be consulted or not as the court may think proper or necessary, the stenographer's report, or any part of it, may be brought up as matter collateral to the transcript on appeal. It need not be printed when so brought up, but, though either party may refer to it, neither party has any right to have it made the basis of decision unless he has caused its incorporation in the transcript on appeal.

(e) "In all cases of insufficiency or other defectiveness in the transcript or papers on appeal, the appellant or other party in interest may be allowed to complete or correct the same. * * * In all such cases, the supreme court may impose such terms, costs or penalties upon the party responsible * * * as to the court may seem proper." The result of this provision is [5] greater than appears at first glance, for it means not only what the words imply; it also removes a barrier which has heretofore prevented this court from authorizing more than merely formal corrections, or corrections resulting from suggestion of diminution. The rule announced in *Cornell* v. *Matthews,* 28 Mont. 457, 72 Pac. 975, and many preceding cases, that this court is without jurisdiction to hear the appeal unless the record is made up in compliance with the provisions of statute in that behalf, exists no longer; but any defect or insufficiency, short of a total disregard of the law, is now subject to correction upon terms suitable to the offense. This is as it should be.

Summing up the whole Act, the general purpose is apparent. It is to make it possible for either party to show that any given appeal is or is not meritorious and thus to further and extend the public policy of this state as expressed in section 9412, Revised Codes, and repeated decisions of this court. In short, the Act is in furtherance of justice, so far as justice may be done by this court exercising its constitutional functions of a court of review.

It is to be observed, however, that while the field of investigation is thus broadened, the canons of judgment in any appeal are in no wise changed. We are still to determine whether re-

versible error has occurred; whether the evidence supports the verdict; whether the judgment is in accordance with law. Realizing this, it is not impossible to apply the provisions of the [6] Act to the practice. If, for example, the appeal is from a judgment and raises only errors of law appearing on the face of the judgment-roll, the appellant may rest upon the judgment-roll submitted as his transcript; but his adversary may bring up the stenographer's report of the trial to show that notwithstanding appearances, the assigned errors were in reality of no [7] substantial consequence. If the appeal is from an order refusing a new trial, urging errors of law occurring at the trial, the appellant will propose for his transcript not only the judgment-roll and his settled bill of exceptions, if there be one, but also any other proceedings including such parts of the stenographic record as he thinks proper or necessary, and his adversary must propose and have incorporated in the transcript such additional matters as he thinks necessary to show that the [8] supposed errors were cured, corrected or inconsequential. If the appeal seeks to present the insufficiency of the evidence, it will, of course, be necessary to incorporate all the evidence in [9] the transcript on appeal. If on any appeal a question arises touching the accuracy of any paper or document set out in the transcript, the original, if not a part of the judgment-roll, may be brought up by either party or, if a part of the judgment-roll, by the supreme court; and when there is a doubt in the mind of the court as to whether the transcript is accurate or ample, or whether any error was substantial or has been compensated, the court may resort to the stenographic record, if brought up, to set that doubt at rest.

In the present instance the appellant assigns errors which do not appear upon the face of the judgment-roll, and seeks to have them reviewed on his appeal from the order denying him a new trial. It is manifest from what is said in the original opinion that he is in no position to do this as his transcript is now constructed; nor can he, by any effort, bring the supposed refusal of instruction No. 14 before us. Neither in the tran-

script on appeal nor in the stenographic record is it made to appear that the instruction was ever offered, or, if it was offered, what the ground of objection was or why it was refused—in brief, the paper is in no way identified as a part of the proceedings in the case. Counsel argues that subdivision 5 of **[10]** section 6746, Revised Codes, has been modified by Chapter 135, Laws of 1915, and therefore he was not required to identify or authenticate the proposed instruction. Not only does Chapter 135, Laws of 1915, contain no such modification, but it expressly forfends against any such contention.

The other questions sought to be presented here could be considered if the appellant should do what he notified the respondent he would do, *viz.*, incorporate in his transcript on appeal the stenographer's record, and cause to be certified to this court the original exhibits in the case; and this he must do at his own cost if he would be further heard. Ordered accordingly.

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE HOLLOWAY dissents.