SPRINKLE, APPELLANT, v. ANDERSON, RESPONDENT.

(No. 4,095.)

(Submitted January 14, 1920.   Decided February 9, 1920.)

[187 Pac. 909.]

*Appeal and Error—Evidence not Part of Bill of Exceptions—
How Made Part of Record on Appeal.*

1. Where a transcript of the stenographer's notes of the evidence, not made a part of a bill of exceptions, is sought to be made available on appeal under the provisions of Chapter 149, Laws of 1915, it must be certified as correct by the trial court or agreed by counsel to be so; otherwise it cannot be considered by the supreme court for any purpose.

*Appeal from District Court, Blaine County; W. B. Rhoades,
Judge.*

ACTION in claim and delivery by James L. Sprinkle against Moses Anderson and Susan Anderson. From judgment for defendants, plaintiff appeals. Affirmed.

*Mr. Frank N. Utter,* for Appellant, submitted a brief.

*Messrs. Norris & Hurd* and *Mr. John C. Duff,* for Respondents, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in claim and delivery. At the close of the evidence on the trial in the district court, on motion of defendants, the court directed a verdict in their favor. From the judgment entered thereon, the plaintiff has appealed. The only question submitted by counsel is whether the evidence was sufficient to make a case calling for the judgment of the jury.

In preparing their transcript on appeal, counsel attempted to proceed under the provisions of Chapter 149, Session Laws of 1915, but failed entirely to meet their requirements. The statute was considered at length by this court in the case of *Roberts*

v. *Sinnott*, 54 Mont. 114, 169 Pac. 49. It was therein pointed out how the transcript on appeal must be prepared in order to incorporate in it any matter which is deemed material on the appeal, but which does not appear in the judgment-roll. It was also pointed out how the stenographer's notes of the evidence, though not incorporated in the transcript as first prepared, may nevertheless be made available in this court in aid of the appeal. In order to make them available, they must either be "certified by the court or judge as correct after notice * * * or agreed to by written stipulation of the attorneys." The transcribed copy may then be forwarded to the clerk of this court, and may be referred to by the court for the decision of any matter before the court, as fully as if it had been made a part of a bill of exceptions, provided it has been thereafter incorporated in the transcript.

Though what purports to be a copy of the notes of the testimony is incorporated in the transcript, it is not certified by the court or judge as correct. Neither is there attached to it a stipulation of counsel. The evidence is, therefore, not before us for any legitimate purpose. The decision in *Roberts* v. *Sinnott* was rendered on December 11, 1917. Although the attention of counsel was thus called to the requirements of the statute, and they have had ample opportunity to present the evidence properly authenticated and have it incorporated in the transcript by way of amendment to it, they have not seen fit to do so. This condition of the transcript precludes us from considering the question submitted on its merits. No error is apparent upon the judgment-roll.

The judgment is therefore affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

MR. JUSTICE COOPER, being absent, takes no part in the foregoing decision.