[No. 1824, December 30, 1916.]

LOFTUS et al. v. JOHNSON.

### SYLLABUS BY THE COURT.

1. In all actions tried without a jury the testimony taken before a court or that taken by a referee, the transcribed notes of the stenographer in such cases, properly certified by the court or referee, and all motions, orders, or decisions made or entered in the progress of the trial of any such action shall become and be a part of the record for the purpose of having the cause reviewed by the Supreme Court upon appeal or writ of error, without any bill of exceptions.

P. 304

2. Section 31, c. 57. Sess. Laws 1907 (section 4500, Code 1915), provides a method by which less than the entire record may be incorporated into the transcript, but, under this section, all that portion of the record essential to a review in the Supreme Court of the questions presented must be incorporated into the transcript of the record.   P. 305

3. Upon a doubtful or deficient record every presumption is indulged in favor of the correctness and regularity of the decision of the court below.   P. 306

4. The duty of having a transcript properly prepared and filed rests upon the appellant or plaintiff in error.

P. 306

5.   Section 4502, Code 1915, provides that a suggestion or motion for a certiorari to supply a diminution of the record shall be made on the first day of the term to which the appeal or writ of error is returnable, and shall be accompanied by an affidavit setting forth reasons, satisfactory to the court, for the omission of the same from the transcript.

P. 306

Error to District Court, San Juan County; Abbott, Judge.

Action by J. Allen Johnson against T. L. Loftus and others.   Judgment for plaintiff, and defendants Loftus, and others bring error.   Motion to dismiss denied.

FRANK A. BURDICK of Farmington, for plaintiffs in error.

E. P. DAVIES of Santa Fe, for defendant in error.

### OPINION OF THE COURT.

HANNA, J.—This is a suit brought by the defendant in error, J. Allen Johnson, against the town of Farmington, and Messrs. Loftus, Hall, and Tucker, plaintiffs in error, seeking damages for the alleged negligent performance of a contract for the construction of a waterworks system to supply the town of Farmington.

At this time the case is not before us on its merits, but upon a motion by the defendant in error to dismiss the appeal, the grounds of which motion are:   First, where only a portion of the record and proceedings of the trial court is deemed necessary to a review of the case, and such portion is called for by the præcipe filed in the office of the clerk of the district court, under the provisions of section 4500, Code 1915, it is necessary that the court stenographer transcribe the whole of his stenographic notes and file the same in the office of the clerk of the court in which the action in which they were taken was tried.   Section 4500 does not clearly provide for the filing in the office of the clerk of the transcribed notes of

the evidence or proceedings had at the trial, though inferentially such would seem to be called for. The præcipe is directed to the clerk of the court and calls for a portion or portions of the proceedings, which, it would seem, the clerk would be unable to incorporate in the transcript to be prepared by him unless all of the proceedings were on file in his office.

In the case of bills of exceptions, under the provisions of section 4495, it was evidently the intention of the Legislature to authorize any party to an action to require the court stenographer to transcribe the whole or any part of his notes, which are then to be filed in the office of the clerk of the court and thereafter embodied in the bill of exceptions. This section and section 4500 were both included in the appellate procedure act of 1907, and the fact that the filing of the transcribed notes in the office of the clerk of the court is not required under section 4495 would perhaps cast some doubt upon the construction of section 4500.

We have not been favored with a brief by defendants in error in support of the motion to dismiss, and by reason of the fact that our determination upon the second point raised makes the decision upon this, the first point raised, a moot question, we are disposed to pass the question without deciding, until such time as the court has the question before it properly briefed.

The second and only other point raised by the motion to dismiss is that where a portion only of the record or proceedings of the trial court is sought to be brought to this court for review, under sections 4493 and 4500, Code 1915, it is necessary that the portion of the proceedings so brought up for review shall be properly certified by the court or referee, which certificate must also show that the portion of the testimony or proceedings so brought up for review contains all the evidence in the court below upon the question or questions sought to be reviewed.

[1] The provisions of section 4493 are plain, and it is there clearly provided that:

"In all actions tried without a jury the testimony taken before a court or that taken by a referee, the transcribed

notes of the stenographer in such cases, properly certified by the court or referee, and all motions, orders or decisions made or entered in the progress of the trial of any such action shall become and be a part of the record for the purpose of having the cause reviewed by the Supreme court upon appeal or writ of error, without any bill of exceptions."

[**2**]   In the recent case of Rogers v. Crawford, 161 Pac. 1184, not yet officially reported, this court held that the certificate of the court stenographer, in itself, is insufficient to make the transcript of the proceedings of the trial court an element in the review of the case, in that the transcript was not properly certified to.   It is plain that the transcript must be certified to by the court or referee before whom the testimony was taken.   In the present case only a portion of the testimony is attempted to be brought before this court for review, and an attempt was made to comply with the statute in the matter of the certificate, which was made by the trial judge in the following language:

"The foregoing transcript of the testimony of the therein named witnesses at the trial of the said cause of action is approved by me as being a correct record of a portion of the testimony had and taken at and during said trial.   Edmund C. Abbott, Judge."

It is apparent that the foregoing certificate does not recite that the portion of the testimony certified to as being a correct record of the testimony taken at the trial constitutes all the testimony upon the question or questions sought to be raised by the præcipe filed in the office of the district clerk under the provisions of section 4500.   This section of the Code was before this court for construction in the case of Baca et al. v. Unknown Heirs, 20 N. M. 1, 146 Pac. 945, where the court said in an opinion of Chief Justice Roberts:

"Section 31, c. 57, S. L. 1907 (section 4500, Code 1915), provides a method by which less than the entire record may be incorporated into the transcript, but under this section all that portion of the record essential to a review in the Supreme Court of the questions presented must be incorporated into the transcript of the record."

To the same effect, see, also, New Mexico Coal & Min-

ing Co. v. Baker, 21 N. M. 531, at 542, 157 Pac. 167.

[3]    The Territorial Supreme Court, in the case of Street v. Smith, 15 N. M. 95, 103 Pac. 644, disregarded a transcript containing what purported to be the testimony in a case because it was not properly certified to, holding that upon a doubtful or deficient record every presumption is indulged in favor of the correctness and regularity of the decision of the court below. This principle has been differently stated in numerous decisions and is well established. It is admitted to be the law by the brief of plaintiffs in error.

[4]    They seek to escape its application by a contention that because the abstract of the record conatins a statement by counsel that the testimony submitted comprises all the testimony taken at the trial, bearing upon the points raised, a challenge to the appellee was thereby made to prove the statement to be untrue by the exhibition of other portions of the stenographic notes, inasmuch as section 4500 of the Code gives him the privilege of so doing. This contention is untenable because, as held by this court in the case of Baca et al. v. Unknown Heirs, 20 N. M. 1, 146 Pac. 945, the duty of having a transcript properly prepared and filed rests upon the appellant or plaintiff in error.

[5]    The result of our conclusion upon the second point raised by the motion is that the transcript of the testimony not having been properly certified to by the trial court, cannot be considered by this court in passing upon the case upon its merits. In anticipation of the possibility of this result, counsel for plaintiffs in error, in the concluding portion of his brief, suggests a diminution of the record, and that his suggestion be considered a motion asking for certiorari to supply such diminution, upon the ground that special cause exists as set out in section 4501 and 4502 of the Code of 1915. While it is doubtful whether the relief sought by certiorari is available under the circumstances, a point not necessary to be decided, yet plaintiffs in error have not put themselves within the terms of section 4502, which provides that a suggestion or motion for certiorari to supply a diminu-

tion of the record shall be made on the first day of the term to which the appeal or writ of error is returnable, and shall be accompanied by an affidavit setting forth reasons, satisfactory to the court, for the omission of the same from the transcript. There is nothing omitted from the transcript in this case, and, from the facts, it would clearly appear that the record below, so far as the defective certificate is concerned, would disclose the same facts as the transcript before us now discloses, for which reasons a certiorari would serve no useful purpose, if available, as a remedy for the condition.

Inasmuch as one of the questions raised upon the merits may be solved by resort only to the record proper, the motion to dismiss must be denied; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.

[No. 1883, October 7, 1916.]
[On Motion for Rehearing, December 30, 1916.]
POPLE v. OREKAR.