(No. 2217. Sept. 30, 1919.)

## SANDOVAL v. UNKNOWN HEIRS OF VIGIL et al.

(Rehearing Denied Dec. 1, 1919.)

### SYLLABUS BY THE COURT

1. Where a counterclaim in a suit to quiet title to real estate alleges that cross-complainant is the owner of the real estate described in the complaint, and no demurrer or motion to make more specific is interposed, and cross-complainant's title is fully litigated in the trial court without objection, and the evidence shows that cross-complainant is the owner in fee simple of the real estate in litigation, plaintiff below will not be heard to object in this court as to objections raised to the sufficiency of the counterclaim, but the same will be deemed amended, if defective, to correspond with the proof. Canavan v. Canavan, 17 N. M. 503, 131 Pac. 493, Ann. Cas. 1915B, 1064 followed.     P. 538

2. Where findings made by a trial court are erroneous because not in accordance with the evidence, it is the duty of the party aggrieved thereby to call the court's attention to the error and seek its correction there.     P. 539

3. Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the trial court.     P. 539

Appeal from District Court, Sandoval County; M. C. Mechem, Judge.

Suit to quiet title by Jesus Maria Sandoval against the unknown heirs of Francisco Montes Vigil, deceased, and others, with answer and cross-complaint by the San Mateo Land Company and others. Judgment for plaintiff but quieting title to part of tracts in the defendants, and plaintiff appeals. Affirmed.

A. B. Renehan, of Santa Fe, and Antonio Sedillo, of Albuquerque, for appellant.

A. B. McMillen, of Albuquerque, for appellees.

OPINION OF THE COURT

ROBERTS, J. This suit was instituted in the district court of Sandoval county by appellant for the purpose of quieting his title to several different tracts of land situated in said county and being within the limits of the Alameda land grant. The different tracts of land which he claimed were set forth in his complaint and were designated by numbers. The appellees San Mateo Land Company and others appeared and answered and also filed a cross-complaint. A reply and answer were filed by appellant to the answer and cross-complaint of the appellees. The case was tried to the court, and appellant had judgment as to all the tracts in question, save tracts 12 and 16. As to these two tracts, the court found that the appellees were the owners thereof and quieted their title to the same. To review the judgment this appeal is prosecuted.

The appellant relies upon three propositions for a reversal, viz.: (a) Appellees were not entitled to affirmative relief on the pleadings; (b) the judgment quieting appellees, title to tracts 12 and 16 is unsupported by any competent evidence; (c) appellant's title to tracts 12 and 16 should have been quieted. These propositions will be discussed under two general heads.

[**1**]    First, as to the pleadings: In appellees' answer and cross-complaint, after denying generally the facts set forth in the complaint, it was further alleged that appellees were the owners of each and all of the tracts of land described in the complaint. The objection urged against the cross-complaint here is that it did not set forth the nature and extent of appellees' estate; that it did not describe the premises, and did not allege that there was an adverse claim thereto.

No demurrer or motion to make more specific was interposed to the cross-complaint in the court below, but it was treated as sufficient by counsel for appellant, and it is proper to say that appellant was not represented in the court below by the attorneys now appearing for him in this court. Appellant filed an answer to the cross-complaint, and the court and all the parties in the court below construed the pleadings as presenting the issues of appellees' right to affirmative relief quieting their title to the tracts in question. The court at the conclusion of the evidence made findings of fact and stated conclusions of law amply supporting the judgment. Appellant at no time in the court below raised any contention as to the sufficiency of the cross-complaint or cross-bill filed by appellees to warrant affirmative relief. The parties in the court below having treated the cross-complaint as sufficient to present the issue as to appellees' right to affirmative relief quieting their title, and the judgment presumptively being supported by the evidence, the cross-complaint will be amended in this court in aid of the judgment. In the case of Canavan v. Canavan, 17 N. M. 503, 131 Pac. 493; Ann. Cas. 1915B, 1064, this court said:

"Where a material, even jurisdictional fact, omitted from the complaint, is as fully litigated, without objection, as if said fact had been put in issue by the pleadings, it is the duty of the trial court, and of this court on appeal, to amend the complaint in aid of the judgment, so as to allege the omitted fact."

Appellant argues, however, that the proof in support

of the omitted allegations was competent under the answer, hence the matters omitted from the cross-complaint were not litigated; but, as we have said, all the parties and the court below treated the pleadings as presenting the right of appellees to affirmative relief under the cross-complaint or cross-bill, and appellant will be held to the same theory here. Caldwell v. Higginbotham, 20 N. M. 482, 151, Pac. 315.

[2] As to the second point, appellant relied in the court below upon adverse possession under color of title. He admits that the evidence was conflicting as to adverse possession and that he is concluded here by the findings of the trial court against him. The point which he makes is, not that the judgment refusing to quiet his title was erroneous, but that the court erred in quieting the title of appellees as to the tracts 12 and 16, in that there was no substantial evidence establishing appellees' title. There are two answers to this contention: First, the court made findings of fact in which it was found that the appellees had title and all other necessary facts to support the judgment. Only a general exception was saved as to the findings and conclusions of law. In the case of Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294, this court held that it would consider only such questions as were raised in the court below. In that case the appellant in this court objected to certain findings on the ground that they were not supported by the evidence, and it was held that the objections were not available here because the question had not been presented to the trial court. Where findings made by a trial court are erroneous because not in accordance with the evidence, it is the duty of the party aggrieved thereby to call the trial court's attention to the error and seek its correction there.

[3] But this objection will not be here reviewed for the further reason that appellant has not brought to this court a full and complete transcript of the proceedings below. It is apparent that the bill of exceptions

does not contain all the evidence introduced, and there is no certificate by the trial judge that the omitted portions are immaterial. The bill of exceptions shows that the record, pleadings, and proceedings in cause No. 7126, Bernalillo district court, Vicente Montoya, Plaintiff, v. Unknown Heirs of Montes Vigil, Deceased, involving the title to the Alameda land grant, was put in evidence in so far as the same might be material. Only a portion of this record, pleadings, and proceedings appears in the bill of exceptions. It is true, the official court reporter certified that the evidence included was all that was introduced, but the bill of exceptions is settled and certified to by the judge of the district court—not by the court reporter.

"Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the trial court." Street v. Smith, 15 N. M. 95, 103 Pac. 644; Terooritory v. Herrera, 11 N. M. 129, 141, 66 Pac. 523; Witt v. Cuneod, 9 N. M. 143, 145, 50 Pac. 328; Sloan v. Territory, 6 N. M. 80, 27 Pac. 416.

Assuming for the sake of argument that the evidence incorporated into the bill of exceptions fails to show title in appellees, which is by no means clear, it will be presumed that the omitted evidence supplied proof of title and warranted the judgment entered.

The judgment will be affirmed, and it is so ordered.

PARKER, C. J., and HOLLOMAN, District Judge, concur.