NORMENT et ux. (HAWKINS, Intervener) v. MARDORF et al.

NORMENT et ux. (SECURITY INVESTMENT & DEVELOPMENT CO., Intervener) v. SAME.

(Nos. 2301, 2302. June 8, 1920.)

### SYLLABUS BY THE COURT.

1. Where appellant takes up less than the entire record under section 32, c. 43, Laws 1917, he cannot, under section 34 of the same chapter, suggest a diminution of the record or ask for a certiorari to supply such diminution ·after he has filed his brief on the merits.    P. 213

2. While section 23, c. 43, Laws 1917, provides that in all cases the transcript of record shall contain a copy of the final judgment, order, decision, or conviction appealed from, it is the duty of appellant to see that the transcript filed complies with this section, as the duty rests upon the appellant in all cases to see that a proper transcript is filed in the appellate court.    P. 214

3. Where appellant takes up less than the entire record under section 32, c. 43, Laws 1917, it is his duty in his præcipe to set forth the question which he desires to have reviewed on appeal and the portion of the record which he deems essential.    P. 215

Appeal from District Court, Santa Fe County; Holloman, Judge.

Suits by C. G. Mardorf and another against James W. Norment and wife, wherein F. G. Hawkins intervened in one action, and the Security Investment & Development Company in the other. From a ruling in each case refusing leave to intervene, interveners appeal. Dismissed.

A. M. EDWARDS and J. H. CRIST, both of Santa Fe, for appellants.

E. R. WRIGHT, of Santa Fe, for appellees. ·

OPINION OF THE COURT.

ROBERTS, J.   One opinion will dispose of the question presented in each of the above cases.   Mardorf, as trustee, and the bank, sued Norment and wife to foreclose certain real estate mortgages, and also to enforce a judgment lien which it claimed upon certain real estate. Turley and wife were joined as defendants because they had purchased some of the real estate covered by the lien.   The matter went to judgment, and the property was ordered sold.   The special master in conformity with the order of the court made the sale and reported the same to the court and asked its approval.   The sale was made March 11, 1918.   The report of sale was filed May 13, 1918.   On March 23, 1918, appellant Hawkins filed his petition in intervention in which he set out that on the 21st of February, 1918, for a valuable consideration, he had purchased from James W. Norment all the property, real and personal, covered by the order of sale, and asking certain relief against what was known as the ''Sandell judgment,'' and that certain moneys alleged to be overplus after discharging the mortgage liens be paid to him.   Afterwards, on the 23d day of June, he filed objections to the special master's report of sale. The record here shows that on April 29, 1918, an order was entered denying the petition in intervention, and Hawkins the right to intervene.   On the 27th day of May, 1918, the court approved the special master's report of sale.   On the 14th day of June Hawkins filed a motion for appeal ''from the order of the court entered in this case May 27, 1918, overruling and denying his petition for leave to intervene in the above-entitled cause and for leave to make and file certain objections to the special master's report in this cause.''   The appeal was granted on the same day and was in conformity with the application.

In cause No. 2302, in which the Security Investment & Development Company, intervener, appeals, the facts were the same as those just stated, except that on the 23d day of May, 1918, the Security Investment & Develop-

ment Company sought to intervene, setting up the fact
that, after the ''Sandell judgment'' became a lien on the
Norments' property, it became a purchaser of the prop-
erty, and in its petition to intervene sought to show
facts which would require the court to satisfy the San-
dell judgment first out of the property sold and then the
balance to be applied on the mortgage lien leaving the
real estate not covered by the mortgage free from the
lien of the Sandell judgment. It also on the 29th day
of April, 1918, filed objections to the special master's re-
port of sale, which were designed to accomplish the same
purpose. Its right to intervene was denied by order
entered April 29, 1918. On May 27th following an order
was filed approving the special master's sale. The mo-
tion for appeal and allowance of the same were worded
identically with the motion and order in cause No. 2301.
Appellees move to dismiss the appeal in both cases on
the ground that no order, judgment, or decree was ever
entered in either of said causes from which the appeal
was pretendedly taken on the 14th day of June, 1918; in
other words, each appeal was prayed and granted from
the order of the court entered on May 27, 1918, denying
the right to intervene or to file objections to the mas-
ter's report in each case, and the only order which ap-
pears in the record is the one of April 29th.

Appellants in each case filed a brief on the merits
March 26, 1919. Appellees' motion to dismiss was filed on
April 2d thereafter. In October, 1919, appellants in
each case filed a motion for certiorari for diminution of
the record, in which it is alleged, substantially sup-
ported by affidavit, that there was an order entered on
the 27th day of May, 1918, in each of said causes deny-
ing intervener in each case the right to intervene, and
showing that the order and objections were omitted from
the transcript by mistake of the clerk; said clerk having
copied into the record a similar record of April 29, 1918.
Appellees contend that appellants are not entitled to the
writ of certiorari because of the provisions of section 34,
c. 43, Laws 1917, which reads as follows:

"The appellant or plantiff in error shall not be heard to suggest a diminution of the record or to ask for a certiorari to supply such diminution in any case where such appellant or plaintiff in error has caused to be certified to the Supreme Court either by agreement or under section thirty-two less than the entire record, unless such suggestion or motion shall be made prior to the filing of his brief," etc.

Section 32, referred to in section 34, in so far as material, reads as follows:

"Whenever it is desired to review the action of the trial court upon any point or points not necessarily involving all of the record or evidence in a cause and no agreement between the parties has been made as provided in the two preceding sections, the appellant or plaintifi in error shall file in the office of the clerk of the district court a præcipe setting forth the questions he desires to have reviewed, and those portions of the record and proceedings he deems necessary for such review; and he shall be bound in the Supreme Court by the præcipe so filed."

The two preceding sections referred to in section 32 read as follows:

"Sec. 30.    The parties may by agreement in writing, with approval of the judge, direct the clerk of the district court in making up the transcript, for the Supreme Court, to omit therefrom any designated portion of the proceedings not deemed material to the disposition of the cause in the Supreme Court and in such case the transcript of the record shall not embrace such portions of the proceedings.

"Sec. 31.    The parties may, without the necessity of setting out all the proceedings at length, agree upon such agreed statement of the case and of the facts proven, with or without copies of any part of the proceedings, as shall, in their opinion, enable the appellate court to determine whether there has been any error in the judgment; and if the judge shall approve and sign such statement the same should be filed among the papers of the cause and shall constitute a part of the record, and on appeal or writ of error shall be copied into the transcript in lieu of such proceedings themselves."

(1)    It is argued that appellants in each of the cases did not bring up all of the record; that the præcipe filed in each case called for the judgment of foreclosure and for no part of the record proper which preceded such judgment, for the special master's report of sale, petition in intervention, objections to the special master's report, court's order overruling said objections, court's

order approving said special masters report, motion for appeal, court's order granting appeal, bond, stipulation for extension of time, order of court granting same, certificate of costs, and the præcipe; that, appellants having by præcipe asked for less than the entire record, they were proceeding apparently under section 32; that, if so, section 34 conclusively precludes them from suggesting a diminution of the record, because the application was not made prior to the filing of their brief on the merits, and the statute would seem clearly to have this effect. Consequently, if the appeal is taken under said section 32, and it was appellants' intention to present a question not involving all of the record, they are precluded from applying for certiorari. This being true, then the case would stand here with an appeal prayed and allowed from a judgment not incorporated into the transcript, and, no final judgment appearing in the transcript from which the appeal is taken, of course it should be dismissed.

Appellants argue, however, that section 23 provides that in all cases the transcript of record shall contain a copy of the final judgment, order, decision, or conviction appealed from, etc., and because of this section it was the duty of the clerk, without appellants asking him to do so in the præcipe, to include the final judgment from which the appeal was taken; that the failure was the default of the clerk, and it is the duty of the court to notice such failure and correct the same by having the clerk of the district court comply with his duty under the statute.

(2) If appellants' construction of this statute be accepted, still the duty rested upon them to see that a proper transcript was filed in this court. The duty of having a transcript properly prepared and filed rests upon the appellant or plaintiff in error. Baca v. Unknown Heirs, 20 N. M. 1, 146 Pac. 945, Ann. Cas. 1918C, 612; New Mexico, Colo. Coal Mining Co. v. Baker, 21 N. M. 531, 157 Pac. 167; Loftus v. Johnson, 22 N. M. 302, 161 Pac. 1115; Baca v. Catron, 24 N. M. 242, 173 Pac. 862.

In the case of the Gauss-Langenberg Hat Co. v. Bank, 17 N. M. 233, 124 Pac. 794, a writ of error was allowed by the Supreme Court. The transcript failed to contain the writ of error and citation thereon which was commanded by section 23 in the same language as applies to the final judgment. This court dismissed the writ or error upon the ground that, absent the writ of error from the transcript, it had no jurisdiction to entertain the cause, and the same argument as to lack of jurisdiction would apply to the absence of the final judgment. The significant fact, however, is that the court instead of issuing a writ of certiorari commanding the clerk to send up the writ of error dismissed the same.

But, while said section 23 commands in all cases that insertion in the transcript of the final judgment and the other matters named, it is silent as to the person upon whom the duty rests. The next section (section 24) says that either party may file a præcipe for a transcript of the record with the clerk, and makes it the duty of the clerk to prepare the transcript in accordance with the præcipe. As above shown, this court has held in several cases that the duty of seeing that the transcript is properly prepared rests upon the appellant or plaintiff in error, and it was his duty to see that the final judgment was included in the transcript. If it was not there when the transcript was first filed in this court under the statute, he had until his brief was filed on the merits in which to have the mistake corrected. The Legislature has seen fit to place a limitation upon his right to supply deficiencies in the record, and has said that he cannot do so after he has filed his brief on the merits. To permit the issuance of the writ of certiorari at this time would be to disregard the plain provisions of the statute. This the court cannot do.

(3) But, aside from this question, the præcipe filed by appellants was apparently under section 32, and was wholly deficient under said section to entitle them to have any question reviewed. The præcipe fails to set forth

any question which they desire to have reviewed, and, calling for less than the entire record as it does, the record would be deficient under the general provisions of the statute; in other words, under said chapter 43, the appellant is required to either bring up the entire record, that is to say, "all entries, orders and rulings of record in the clerk's office, and all papers regularly filed in a cause with the clerk of the district court" made a part of the record proper by section 23, when he takes his appeal, and having done which he is in a position to review any question dependent. only upon the record proper for determination, which he elects to assign as error, or he may proceed under either sections 30, 31, or 32 of said chapter. If proceeding under section 32, bringing up less than the entire record, he must set forth in his præecipe the question which he desires to have reviewed. If appellants. elect to contend that they are proceeding under the general provisions relative to appeal, then they are unable to present any question because the record is deficient; in other words, they have not brought up all the record. If they are proceeding under the section referred to, which gives the appellant or plaintiff in error the right to bring up less than the entire record, then they are unable to present any question, because they do not set forth as required by the statute in their præcipe the question which they desire to have reviewed. So in either event, and even if the certiorari were granted, appellants would be unable to present any question for the determination of this court. For which reason the writs of error will be dismissed;—and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.