[No. 2959, Feb. 11, 1924]

## CASSELL MOTOR CO. v. GONZALES

### [255 Pac. 636]

#### SYLLABUS BY THE COURT

1. Plaintiff sued upon account. Defendant set up counterclaim sounding in tort. Such counterclaim is not available, under section 4116, Code 1915.

2. Where the trial court has placed a reasonable construction on a pleading, whose averments are susceptible of two constructions, the appellate court will be inclined to adhere to the construction given to the pleading by the trial court.

3. Appellant cannot, in the appellate court, shift the grounds upon which his demand proceeds and having treated it as a tort, such demand cannot on appeal be sustained on the theory that it was good as arising on contract.

4. Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the court below.

Appeal from District Court, Santa Fe County, Holloman, Judge.

Suit by the Cassell Motor Company against David Gonzales for an open account. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 238 P. 1070.

E. P. Davies, of Santa Fe, and J. T. Vocello of Vero, Fla., for appellant.

---

[1] 3CJ p. 718 n. 50; p. 722 n. 53; 34Cyc p. 707 n. 84. [2, 3] 3CJ p. 725 n. 84; 4CJ p. 701 n. 47. [4] 4CJ p. 731 n. 81.

Renehan & Gilbert, of Santa Fe, for appellee.

OPINION OF THE COURT

BICKLEY, J.  [1] A suit was brought by appellee (plaintiff) upon an open account for gasoline and supplies furnished appellant and for repairs upon appellant's automobile. The original answer of appellant does not appear in the record, but presumably it presented some counterclaim based upon an alleged oral contract growing out of the purchase of a Nash car, for we find in the amended reply of appellant an allegation that the contract set forth in defendant's counterclaim was reduced to writing and a copy of such writing attached to the amended reply. Appellant thereupon filed a pleading denominated "Amended Answer to the Complaint and to the Reply." Paragraph 9 thereof sets out that the plaintiff received from defendant the sum of $300 in connection with the purchase price of an automobile with the understanding and agreement that the sum of $300 would be repaid to defendant in the event the price of the automobile of that particular make was lowered by the manufacturers of said cars within a year subsequent to the date of the agreement; that the price of said cars was lowered more than $300 within the designated time, but defendant had failed and refused to return or repay the said $300 to the defendant. We suspect that this was a counterclaim pleaded in the original answer, for in plaintiff's amended reply it is alleged, by way of further reply to paragraph 9 of defendant's answer and further answer to the counterclaim in said paragraph contained, that the parties reduced their contract made and entered into at the time of the purchase of said automobile referred to in said paragraph of the answer to writing, which writing embraced all the terms of said contract and was in words and figures as set forth in Exhibit A attached to the amended reply. After this amended reply was filed, the defendant filed his amended answer to the complaint and to the reply, in which apparently paragraph 11 comes in as supplemental to the allegations made in paragraph 9. Said paragraph 11 alleges that the written contract

set up in the amended reply did not embrace all the terms of the contract entered into between the parties, and that said contract is null and void and of no effect for the reason that it was obtained by fraud on the part of plaintiff and the signature of the defendant thereto procured by fraud of the plaintiff, and that the promises of the plaintiff described in paragraph 9 aforesaid was the sole and procuring cause of defendant executing said written contract; that defendant would not have executed same had he not relied upon the representations of the plaintiff that he would be given the benefit of the reduction in price aforesaid; that the representations made by plaintiff at the time said written contract was prepared and before the signing thereof were false and fraudulent for the reason that plaintiff, at the time such representations were made, well knew that it had no idea or intention of giving defendant the benefit of the reduction in price of said automobile; and further alleges that said contract was procured by fraud on the part of the plaintiff and should be declared null and void. The defendant prayed that the court decree said contract null and void by reason of fraud in the procurement thereof; that the complaint be dismissed; and that plaintiff have and recover on his counterclaim, The court ruled that no evidence could be introduced upon the counterclaim alleged in said paragraphs 9 and 11, holding that:

"The defendant will not be permitted to go into that question or introduce any evidence whatever, for the reason that is not a proper counterclaim in this action, in that, in the first place, it has no proper place in this action by reason of its nature, and, in the second place, it is admitted that a written contract existed covering the sale of the automobile, and there are no facts alleged in the answer sufficient to justify the court in not holding the written contract binding as written."

The defendant offered to prove the matters set forth in paragraph 9 and 11 of the amended answer and counterclaim. He further offered to prove that the defendant was compelled to pay the entire amount stipulated in the written contract for the reason that the notes given for same were placed in the hands of

an innocent purchaser by the plaintiff. It is apparent that the court's ruling was that paragraphs 9 and 11, considered together did not state a counterclaim of the nature that could be invoked under our statutes and under the circumstances of that case. So considered together, said paragraphs would seem to set up a counterclaim sounding in tort and the court was correct in eliminating it as having "no proper place in this action by reason of its nature."

If it was not also the theory of the defendant that said paragraphs 9 and 11 should be considered together as alleging his counterclaim, it does not appear that any effort was made to enlighten the court as to such view. The fact that the court considered paragraphs 9 and 11 together as pleading a counterclaim sounding in tort is further indicated by the assignments of error 1 and 2 as follows:

"(1) That the district court erred in refusing to permit any testimony to be introduced as to paragraphs 9 and 11 of the amended answer of the defendant.

"(2) The court erred in rejecting the offer to prove fraud in the procurement of the execution of the contract attached to the amended reply of the plaintiff as Exhibit A and the damages sustained by the appellant as contended for by him in paragraphs 9 and 11 of his amended answer, which offer to prove and its rejection are contained on pages 35 and 36 of the transcript."

It does not appear that appellant was claiming damages for the breach of a valid contract, but damages alleged to be sustained through being induced by fraudulent representations to enter into it.

The cases cited by appellant deal with fraudulent representations such as authorize the rescission of a contract. This in connection with the prayer in his answer for rescission of the contract "by reason of the fraud in the procurement thereof" would further appear to sustain the view that in the trial court he was proceeding on the theory that appellant claimed that he was entitled to a rescission of the contract on the ground of fraud and to recover damages for the fraud. He now claims in his brief that his counterclaim of

$300 was proper and within the express right conferred by the second paragraph of section 4116, 1915 Codification, which provides that in an action arising on contract a counterclaim may be presented based on any other cause of action arising also on contract and existing at the commencement of the action. But the appellant cannot in this court shift the ground on which he proceeded in the lower court and advance new theories to impeach the judgment of the lower court. Cadwell v. Higginbotham, 20 N. M. 482, 151 P. 315.

[**2, 3**] It was also said in Cadwell v. Higginbotham, supra, that, where the trial court has placed a reasonable construction on a complaint whose averments are suspectible of two constructions, the appellate court will be inclined to adhere to the construction given to the pleadings by the trial court, the court quoting from cited cases as follows:

" 'Where a pleading may be construed as proceeding on two or more theories, the theory adopted by the parties and the trial court will be followed by the appellate court.' * * * 'Where a trial court, without objection, placed a certain construction on the wording of a pleading admitting of it, such construction will prevail on appeal'."

[**4**] We do not know whether the original answer and counterclaim and what occurred when the point was first presented to the court at the trial would throw light on the ruling, or not, but "upon a doubtful or deficient record every presumption is indulged in favor of the correctness and regularity of the decision of the [trial] court." Loftus v. Johnson, 22 N. M. 302, 161 P. 1115; Sandoval v. Unknown Heirs of Vigil, 25 N. M. 536, 185 P. 282.

The third assignment of error is as follows:

"(3) The court erred in refusing to grant a mistrial on account of alleged improper remarks of counsel for the appellee in his concluding argument to the jury."

This is based upon alleged improper argument of counsel for plaintiff in referring to the counterclaim which had been withdrawn from the consideration of the jury. The connection in which these remarks were made and the argument of the appellant to which

they were a reply does not appear in the record, as is shown by the certificate of the court. This point also must be ruled against the appellant upon the authority of the doctrine of Loftus v. Johnson, supra, and Sandoval v. Unknown Heirs, supra, above quoted.

From all the foregoing it appears that none of the assignments of error are well taken. Finding no error in the record, the judgment is affirmed, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.