[No. 3060.  Nov. 3, 1925.]

SAVAGE et al. v. NESTEROFF et al.

[240 Pac. 987.]

SYLLABUS BY THE COURT

1. Praecipe examined and held to sufficiently state the question to be presented for review.

2. When the clerk's certificate fails to authenticate the record proper appearing in the transcript, the appeal will be dismissed.

Appeal from District Court, Union County; Leib, Judge.

Action by Thomas F. Savage and another against Jordan Dochoff Nesteroff and others. From the judgment below, plaintiffs appeal. Appeal dismissed.

---

[1]  4CJ p. 420 n. 44.
[2]  4CJ p. 484 n. 95.

Joseph Gill, of Albuquerque, and Thomas F. Savage, of Clayton, for appellants.

Crampton & Darden, of Raton, for appellees.

### OPINION OF THE COURT

PARKER, C. J. This case was tried to the court without a jury. A motion to dismiss the appeal is filed by one of the appellees, the First National Bank of Raton. The motion is based upon alleged defects in the transcript.

[1] 1. The transcript is evidently prepared under the provisions of section 32, chapter 43, Laws 1917, which authorizes presentation of a partial record for the purpose of reviewing some point or points not necessarily involving the whole record. This section requires the appellant, when so proceeding, to set out in his praecipe the questions sought to be reviewed. Appellee argues that this has not been done, and for that reason the appeal should be dismissed. Appellants evidently intended to state their question for review by stating in the praecipe that they desired to review the action of the court upon the points set out in the stipulation of facts, upon which the case was tried. The stipulation is complete, leaving only questions of law to be determined by the court. It defines the legal questions involved as follows:

"That the sole question involved in this case is whether or not plaintiffs' mortgage was entitled to be recorded under the laws of the state of New Mexico, and, when recorded, whether or not said mortgage gave notice to the defendant, the First National Bank of Raton, N. M., of plaintiffs' claim against said lands and real estate and against the interests therein of each of the defendants Jordan D. Nesteroff and Annie Nesteroff, his wife."

We cannot follow the argument of counsel for appellee that this is not a sufficient specification of the question desired to be reviewed. The praecipe adopts the above section of the stipulation as a statement of the question, and it would seem to be sufficient.

[2] 2. Counsel for appellee complains of the hodge-podge condition of the record, resulting from failure to recognize the distinction between the record proper and matters properly made a part of the record by bill of exceptions, or certificate of the judge. The judge certifies as a bill of exceptions not only the evidence, findings, and conclusions, and exceptions thereto, and requested findings and exceptions to the refusal of the same, but also includes under the same certificate the pleadings and other matters which are a part of the record proper. The certificate, however, does not mention the pleadings or other matters of the record proper. The clerk certifies to the transcript as being a correct copy of the record and proceedings as called for by the praecipe as plaintiffs' bill of exceptions, settled and signed by the judge, and refiled on May 7, 1925, which was the date of the clerk's certificate. It thus appears that there is no certificate of the clerk to anything except the paper signed by the judge. There is none to the record proper, which could not come in by way of the judge's certificate. Counsel relies upon section 25 of chapter 43, Laws 1917, which provides for the certification by the judge in cases tried without a jury, in addition to the testimony, of "all motions, orders, or decisions made and entered in the progress of the trial" as a part of the record on appeal. This is good as far as it goes, but this leaves the pleadings without any authentication by the clerk. Of course, the pleadings are a necessary part of the record, and without them no examination of the judgment can be made here. It is a pity to have a case frittered away in this manner, but we are powerless to avoid the consequence.

It follows from the foregoing that the motion to dismiss the appeal should be granted, and it is so ordered.

BICKLEY and WATSON, JJ., concur.