[No. 2940. Nov. 19, 1926.]

MERSFELDER v. ROBERTS.

[251 Pac. 387.]

SYLLABUS BY THE COURT

Where appellant fails to include all evidence in the bill of exceptions, and has not set forth in his præcipe the questions he desires to have reviewed and the portions of the record and proceedings he deems necessary to such review, he cannot question the sufficiency of the evidence to support the findings.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by L. C. Mersfelder against C. J. Roberts. From a judgment of dismissal, plaintiff appeals. Affirmed and remanded.

T. J. Mabry, of Albuquerque, for appellant.
Marron & Wood, of Albuquerque, for appellee.

OPINION OF THE COURT

WATSON, J. Appellee, as surety, executed to appellant, as obligee, an employee's bond. A loss having occurred, appellant sued appellee upon the bond.

A defense interposed was that appellant had signed the bond upon a representation by his principal that another responsible surety would be obtained, and had placed the bond, after signing, in the hands of his principal to obtain the signature of such responsible surety, and to be delivered to the obligee (appellant) only after such additional surety had signed, and that the bond was so incomplete upon its face as to consti-

[1] 4CJ p. 420 n. 43; p. 455 n. 57 New; p. 535 n. 8; p. 777 n. 70.

tute notice to appellant and put him on inquiry as to the conditional delivery thereof.

The trial court made specific findings of the facts as claimed in the said defense and thereupon rendered judgment dismissing the complaint, from which this appeal is taken.

The facts found by the court constituted a complete defense to the claimed liability under Hendry v. Cartwright, 14 N. M. 72, 89 P. 309, 8 L. R. A. (N. S.) 1056, and M. J. O'Fallon Supply Co. v. Tagliaferro, 29 N. M. 562, 224 P. 394.

Appellant first urges as error that the evidence was insufficient to support the court's findings. This proposition is met at the outset by appellee's contention that the record before us is so deficient as to preclude a review of the evidence and as to compel a presumption of the correctness of the court's findings. He cites Sandoval v. Unknown Heirs, 25 N. M. 536, 185 P. 282; Baca v. Catron, 24 N. M. 242, 173 P. 862; Loftus v. Johnson, 22 N. M. 302, 161 P. 1115; Baca v. Unknown Heirs, 20 N. M. 1, 145 P. 945, Ann. Cas. 1918C 612; Guaranty Banking Corp. v. Western Ice & Bottling Co., 28 N. M. 19, 205 P. 738.

Appellant's praecipe, so far as it is material, is as follows:

"You are hereby respectfully requested to prepare for purpose of appeal to the Supreme Court of the state of New Mexico, in the above-entitled cause, three (3) copies of the transcript of record containing the following: * * * 9. Bill of exceptions (to include all testimony, deposition, exhibits, except agent's contract, and the letters introduced). * * *"

The court reporter certifies that the transcript contains:

"* * * All testimony received; offers of testimony; motions, objections to said testimony, offers, and motions; proceedings, rulings of the court, exceptions taken; and true copies of Exhibits P5, D10, D11 (a) and (b), and D12 (being the exhibits called for in the præcipe filed in this cause), offered in evidence upon the trial of the above-entitled cause. * * *"

The judge's certificate is as follows:

"And for as much as the matters and things herein contained are not of record in said cause, plaintiff prays that this, his bill of exceptions, containing all the evidence, offers of evidence, motions, objections, proceedings, rulings of the court, and exceptions, upon the trial of said cause and copies of the exhibits called for in the præcipe on file herein, may be signed, sealed, and enrolled by the judge of this court as his bill of exceptions, and defendant having agreed thereto by stipulation filed in this cause, which is done this 31st day of January, 1924."

It thus appears that appellant has omitted from the record which he brought to this court certain exhibits received in evidence. It also appears that he failed to state in his praecipe the particular questions which he desired to have reviewed, and appears also that he failed to obtain from the trial judge any certificate as to the immateriality of the omitted evidence. It is this condition of the record which appellee insists renders it deficient, precludes a review of the evidence, and necessitates the sustaining of the court's findings.

Appellant extensively reviews the record before us for the purpose of identifying the missing exhibits, and to show their substance and purport, and the purpose for which they were used at the trial, seeking thus to show that they relate to points abandoned at the trial, and have no bearing on the findings or the judgment.

If we were permitted to follow counsel in such review, it is quite possible that we should agree with his conclusion as to the immateriality of the omitted evidence as respects the questions presented to this court for review. We think, however, that Laws 1917, c. 43 (the Appellate Procedure Act), as it has been interpreted, precludes such inquiry.

In Norment v. Mardorf, 26 N. M. 210, 190 P. 733, it was laid down that an appellant must either bring to this court a complete record, or else, desiring to omit portions thereof, proceed by agreement under section 30, by an agreed statement of the case and of the facts proven, under section 31, or by setting forth in his praecipe, under section 32, the question he desires to

have reviewed, and the portions of the record and proceedings deemed necessary thereto. See, also, Baca v. Unknown Heirs, supra.

It was also held in Norment v. Mardorf, supra, that, where appellant has chosen to bring up less than the whole record, otherwise than by agreement, or by agreed statement of the case, and has failed, as required by section 32, to give notice in his praecipe of the questions to be reviewed, and of the portions of the record deemed necessary for such review, he may not present any question in this court.

It seems to have been held that when proceeding under section 32, the appellant should procure from the trial judge a certificate that those portions of the proceedings omitted from the transcript are immaterial to the review of the questions set forth in the praecipe. Loftus v. Johnson, 22 N. M. 302, 161 P. 1115; Sandoval v. Unknown Heirs, 25 N. M. 536, 185 P. 282. Of course, to render such certificate appropriate or useful, the praecipe must set forth the questions for review.

In Sandoval v. Unknown Heirs, supra, all of the record, pleadings and proceedings in another case had been put in evidence in so far as the same might be material. A part of such record, pleadings, and proceedings was omitted from the bill of exceptions. Although the court reporter certified that the evidence included was all that was introduced, the failure of the judge to certify the immateriality of the omitted portions was considered fatal. In Loftus v. Johnson, supra, counsel for appellant, in preparing the abstract of the record, stated that the testimony submitted comprised all that taken at the trial bearing upon the points raised. This, it was urged, was a challenge to opposing counsel to show the incorrectness of the statement by exhibiting, as he might do under section 32, other portions of the proceedings bearing upon the questions. The court overruled this contention upon the ground that it was appellant's duty to bring up a proper transcript.

It thus appears that in the past this court has firmly adhered to the construction that it must affirmatively appear from the record that no evidence has been omitted which could have a bearing upon the question presented for a review. The only new question is whether we may follow counsel through a review of the record before us to determine for ourselves, in cases where that may be possible, and without the aid of any certificate from the trial judge, and in the absence of agreement or concession by the opposite party, that those portions of the evidence omitted would be immaterial.

It seems to be the theory of chapter 43 that the appellee, not being asked to agree to a statement of the case under section 31, nor to an omission of designated portions of the proceedings under section 30, nor advised by the praecipe, under section 32 of the questions to be reviewed, and the portions of the record and proceedings deemed necessary to such review, may rely upon it that the bill of exceptions will include all the evidence. It contemplates that appellee shall have a voice in the matter. If he is asked to agree to the bringing up of less than the whole, or to a statement of the case, he may exercise his judgment. If advised, under section 32, of the questions to be reviewed and the portions of the record and proceedings deemed necessary thereto, he may himself bring up other portions which he may deem necessary to the decision. In either case he is precluded thereafter from objecting that evidence not in the bill of exceptions has bearing on the questions. But, if an appellant may, without agreement or notice, omit portions of the proceedings, appellee is not thus precluded. As stated in Baca v. Unknown Heirs, supra, quoting Witt v. Cuenod, 9 N. M. 143, 50 P. 328:

"The option granted of taking up only such part of the record as appellant or plaintiff in error deems 'necessary for a review of the judgment or decree,' instead of the whole record, was intended to lighten the burden of expenses, but not in any way to put the opposite party to any disadvantage, or change his position in any respect."

So far, this court has refused to admit any showing

as to the immateriality of omitted portions of the record, except the judge's certificate. Such a rule promotes orderly procedure and relieves this court of a laborious and time-consuming review of the record presented, to determine the materiality or immateriality of evidence or proceedings which may have been omitted therefrom. In many cases it would be impossible to determine that question. We think that the theory and purpose of the statute and the prior decisions of this court would be violated in their spirit, and a bad precedent set, if we were to undertake the inquiry which appellant requests. We are therefore constrained to hold that we have before us a doubtful and deficient record and to indulge the presumption of the sufficiency of the evidence to warrant the findings.

As the findings thus upheld are a complete defense to any liability on the part of the appellee, consideration of other propositions urged by appellant is uncalled for.

The judgment must be affirmed, and the cause remanded, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.