[No. 3144, Jan. 26, 1927]

## SOUTHERN SURETY CO. v. COLBURN

[255 Pac. 405]

### SYLLABUS BY THE COURT

Under the provisions of section 32, chapter 43, Laws 1917, it is necessary to state in the præcipe for the record the questions desired to be reviewed, and, upon a failure so to do, no question is presented to this court for decision.

---

[1] 4CJ p. 420 n. 50.

Error to District Court, Colfax County; Kiker, Judge.

Action between the Southern Surety Company and Keith Colburn, a minor, suing by his next friend, C. C. Colburn. To review an adverse judgment, the Southern Surety Company brings error. Writ of error dismissed.

Francis C. Wilson, of Santa Fe, for plaintiff in error.

H. M. Rodrick, of Raton, for defendant in error.

OPINION OF THE COURT

PARKER, C. J.  A motion to dismiss the writ of error has been filed by defendant in error, based upon the proposition that the praecipe for the record calls for a partial record, as provided by section 32, chapter 43, Laws 1917 and the praecipe contains no statement of the questions sought to be reviewed. Plaintiff in error thereupon filed an application to amend the record by interlineation so as to state the questions sought to be reviewed.

There are several reasons why this is not allowable. There are three methods of preparing a transcript of record on appeal or writ of error to this court. One is to bring up the whole record, in which case all questions presented to and ruled upon by the lower court may be reviewed. The second method is to procure an agreement in writing with the opposite side and have the clerk make up a record, omitting therefrom any designated portions not deemed material to the decision of the case. See sections 30 and 31, chapter 43, Laws 1917. The third method, in cases where no agreement has been had between the parties to bring less than the whole record, is to file a praecipe—

. "Setting forth the questions he desires to have reviewed, and those portions of the record and proceedings he deems necessary for such review; and he shall be bound in the Supreme Court by the praecipe so filed.  If in such cases the opposite party desires to take up more of the record than is called for in such praecipe, he may have the additional parts of the record certified by the clerk and by him certified with the rest of the record."

See section 32, chapter 43, Laws 1917. Section 34 of the act provides that the appellant or plaintiff in error—

"'shall not be heard to suggest a diminution of the record or to ask for a certiorari to supply such diminution in any case where such appellant or plaintiff in error has caused to be certified to the Supreme Court either by agreement or under section thirty-two (32), less than the entire record, unless such suggestion or motion shall be made prior to the filing of his brief, and shall be accompanied by an affidavit setting forth reasons satisfactory to the court for the omission of the same from the transcript; mere neglect to include the desired portion of the record in the præcipe shall not be sufficient cause for the award of the certiorari applied for."

In this case the plaintiff in error chose the last method. It will be improper at this time to allow the amendment of the praecipe desired, for the reason that in that case the defendant in error would not be in a position to bring up such additional portions of the record as he might deem necessary for the review of the case. In Norment v. Mardorf, 26 N. M. 210, 190 P. 733, we considered the effect of omitting from the praecipe a statement of the questions desired to be reviewed, and held that, in the absence of such statement, there was no question before this court for review. In Savage v. Nesteroff, 31 N. M. 88, 240 P. 987, there was a motion to dismiss an appeal after failure to specify the questions sought to be reviewed upon a partial record, as provided in section 32 of said act. In that case, however, the praecipe stated that the appellant desired to review the action of the court upon the points set out in the stipulation of facts upon which the case was tried. The stipulation was complete, leaving only questions of law to be determined by the court. We correctly held in that case that this was a substantial compliance with section 32 of the act. Not so, however, in the case at bar. The praecipe simply calls for certain portions of the record and gives no intimation whatever as to what the questions are to be reviewed. The mandatory provisions of the statute makes the argument of counsel and the citations of authority as to the power of

this court to allow amendments to the record inapplicable.   We are restrained by the statute from allowing the appellant, who has proceeded under section 32, to have the benefit of certiorari or amendment.

It follows that the motion to dismiss the writ of error should be sustained and the cause dismissed, and it is so ordered.

BICKLEY and WATSON, JJ., concur.