[No. 3402.   Jan. 6, 1929.]

ALEXANDER HAMILTON INSTITUTE v. SMITH.

[274 Pac. 51.]

D. C. Grantham, of Carlsbad, and J. O. Seth. of Santa Fe, for appellant.

J. M. Dillard, of Carlsbad, for appellee.

OPINION OF THE COURT

BICKLEY, C. J. A motion to dismiss the appeal has been filed by appellee, based upon the proposition that the præcipe for the transcript of record calls for a partial record, and the præcipe contains no statement of the questions sought to be reviewed.

It is true that the præcipe of appellant calls for only a part of the record. The appellees, however, filed a præcipe calling for certain portions of the record which it claims were omitted by appellant. So the transcript of the record, as prepared in response to these præcipes, is apparently complete.

Appellee invokes section 4 of rule 11 of our rules, which is in part as follows:

"If the appellant or plaintiff in error desires to take up less than the entire record, he shall file in the office of the clerk of the district court a præcipe setting forth the questions he desires to have reviewed, and calling for those portions of the record and proceedings he deems necessary for such review, and he shall serve opposing counsel with a true copy of the præcipe so filed within five days after filing the præcipe in the office of said clerk; and upon receipt of said præcipe the attorney for the appellee or defendant in error may file a supplemental præcipe to include such portions of the record and proceedings which may have been omitted from the præcipe for the appellant or plaintiff in error, as he may deem necessary for the proper review of such questions."

Since the alleged deficiencies of the record have been supplied at the instance of appellee, we see no prejudice to it, in the absence, from appellant's præcipe, of a statement setting forth the question he desires to have reviewed.

Appellee cites in support of his contention, Norment v. Mardorf, 26 N. M. 210, 190 P. 733; Southern Surety Co. v. Colburn, 32 N. M. 243, 255 P. 405; Smith v. Kap-

ich, 33 N. M. 116, 263 P. 510. See, also, Savage v. Nester-off, 31 N. M. 88, 240 P. 987, all of which construed section 32, chapter 43, Laws of 1917.

It is to be noted, however, that said section 32, and other portions of said chapter 43, were repealed by chapter 93, Laws of 1927, and the repealed provisions superseded by rules of this court. The changes and additions result in liberalizing the procedure. For instance, certain limitations upon the allowance of certiorari for diminution of the record imposed in sections 33 and 34 of chapter 43, Laws of 1917, have been removed by the repeal of those sections, and the adoption of rule 10, and particularly section 14, thereof. Also by section 3 of rule 14, it is provided:

"No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing, satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movant has filed his brief on the merits."

Thus, we are invested with a discretion we did not enjoy when the cases cited supra were decided.

Finding no prejudice to the appellee by the omissions complained of, the motion will be denied, and it is so ordered.

WATSON and PARKER, JJ., concur.