187 P.2d 387

FISHER v. TERRELL et al.

No. 5057.

Supreme Court of New Mexico.

Dec. 1, 1947.

Joseph L. Smith, of Albuquerque, for appellant.

Quincy D. Adams, of Albuquerque, for appellees.

McGHEE, Justice.

This action was brought to recover damages sustained by Jimmie Carl Fisher, a minor, caused by the claimed negligence of the defendants in the operation of their automobile in New Mexico.

It was alleged that the defendants were nonresidents of the State of New Mexico and had been operating their automobile on the public highways of this state, and by reason thereof had made our Secretary of State their agent for the service of process, as provided by Sec. 68-1003, 1941 N.M.S.A. An order was procured from a district judge for service of process upon the Secretary of State and upon the defendants out of the state as provided by Sec. 68-1004, 1941 N.M.S.A., and such service was made.

Each of the defendants filed a motion to dismiss upon the ground that they were in fact residents of this state at the time of the accident and attached supporting affidavits.

The trial court held a hearing on the motion as provided by Rule 43(e), Civ. Proc., 1941 Comp. § 19-101, on the affidavits and the oral testimony of two witnesses, and thereupon without making find-

ings of fact or conclusions of law, entered an order sustaining the motions and quashing the service. Such findings and conclusions were waived by failure of the parties to make request therefor, or to tender specific findings and conclusions. Rule 52(B) (a) (6), Civ.Proc.

◼ Although not set out in the order sustaining the motions, it was a necessary prerequisite that the trial court find that the defendants were actually residents of the state at the time of the accident, and not nonresidents. We have a well-established rule that upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the trial court, and we indulge such presumption in support of the order entered. See Loftus v. Johnson, 22 N.M. 302, 161 P. 1115; Sandoval v. Unknown Heirs of Vigil, 25 N.M. 536, 185 P. 282; Cassell Motor Co. v. Gonzales, 32 N. M. 259, 255 P. 636; Hobbs v. Town of Hot Springs, 44 N.M. 592, 106 P.2d 856; Consolidated Placers, Inc., v. Grant, 48 N.M. 340, 151 P.2d 48.

◼ Although, as above stated, findings of fact or conclusions were not requested, we have examined the affidavits and the testimony and must say that the finding necessarily made, although not expressed in the order, that the defendants were residents of New Mexico at the time of the accident, is supported by substantial evidence, and under our well-established rule we will not disturb it.

This accident occurred on February 22, 1947; suit was filed on February 28, 1947, and the defendants abandoned their employment and place of residence and left New Mexico on March 3, 1947, before service of summons could be obtained. It is unfortunate that we do not have a statute like Montana where service may be had on the Secretary of State when a resident is involved in a motor car accident and leaves the state before suit is filed, or process is served upon him, or where after diligent search he cannot be found in the state even though he does not leave. See State v. District Court, 108 Mont. 362, 91 P.2d 422, for an example of the benefit of such a statute.

◼ Our statute, Sec. 68-1003, supra, makes the Secretary of State the agent for the service of process against a nonresident, growing out of any accident or collision in which his motor vehicle may be involved, while it is being operated in this state by him or his agent. For such service to be valid the defendant must have been a nonresident at the time of the accident or collision and not at the time suit is filed. Suit v. Shailer, 18 F.D.C., Supp. 568; Welsh v. Ruopp, 228 Iowa 70, 289 N. W. 760; Carlson v. District Court, Colo., 180 P.2d 525; Wood v. White, 68 App.D. C. 341, 97 F.2d 646.

The action of the trial court will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.