# 262

479 P.2d 766

Edward S. IKELMAN, Plaintiff-Appellee
and Cross-Appellant,

v.

Leeta Mae IKELMAN, Defendant-Appellant
and Cross-Appellee.

No. 9013.

Supreme Court of New Mexico.

Jan. 18, 1971.

Toulouse, Moore & Walters, Larry D. Beall, Albuquerque, for appellant.

Gallagher & Walker, Albuquerque, for appellee.

## OPINION

COMPTON, Chief Justice.

Appellant appeals from a judgment denying her petition to vacate a judgment in a divorce proceeding. The decree, which included a separation agreement executed by the parties hereto, was entered on October 27, 1967. On September 26, 1968, appellant filed a petition to set aside the decree on the grounds that the agreement was tainted with fraud and that the decree had been fraudulently obtained. At a hearing, the trial court denied the petition but modified the decree as to allow appellant alimony of $100.00 per month. The appellant appeals and the appellee cross-appeals.

Appellant contends (a) that the trial court erroneously failed to divide the community property equitably between the parties and (b) that the trial court erred in not finding that the divorce decree and separation agreement had been fraudulently obtained.

■ ■ We are unable to review the cause on the merits as no record of the hearing before the trial court was made, except the testimony of the appellee. A litigant seeking review of a ruling of the trial court has the duty to see that a record is made of the proceedings he desires to have reviewed. Section 21–2–1(14) (1) and (3), N.M.S.A. 1953; Westland Development Co. v. Saavedra, 80 N.M. 615, 459 P.2d 141; Barnett v. Cal M Inc., 79 N.M. 553, 445 P.2d 974. We have carefully searched what record there is and find nothing that would tend to support the appellant's contentions.

In his cross-appeal appellee contends that the trial court erred in awarding alimony to appellant. What we have said with regard to the appellant is equally applicable to appellee; the record fails to show that the action of the trial court in awarding

alimony was improper. See Scanlon v. Scanlon, 60 N.M. 43, 287 P.2d 238.

The judgment should be affirmed.

It is so ordered.

TACKETT and OMAN, JJ., concur.