573 P.2d 210

## RELIANCE INSURANCE COMPANY, Plaintiff-Appellant,

v.

## Julio P. MARCHIONDO and Charles Petritsis, d/b/a Copper Penny Lounge, Defendants-Appellees.

### No. 11350.

Supreme Court of New Mexico.

Dec. 19, 1977.

Rehearing Denied Jan. 17, 1978.

Shaffer, Butt, Jones, Thornton & Dines, Stephen M. Williams, K. Gill Shaffer, Albuquerque, for appellant.

Marchiondo & Berry, Zenon Myszkowski, Albuquerque, for appellees.

## OPINION

EASLEY, Justice.

Plaintiff-appellant, Reliance Insurance Company (Reliance) filed a declaratory judgment action to determine whether it is liable for attorney's fees under its policy written in favor of Julio P. Marchiondo and Charles Petritsis (Marchiondo) doing business as the Copper Penny Lounge, the latter having incurred the debt defending a death claim in a prior suit. The trial court found for Marchiondo and fixed the attorney's fees at $4,000.00. Reliance appeals.

Substantive issues regarding coverage under the policy and the duty of Reliance to defend are not reached, since the Court disposes of this case on procedural grounds.

The record proper was ordered from the clerk by Reliance and was timely certified to this Court. However, no transcript of the evidence and other proceedings before the trial court is before us. There is nothing in the record to indicate whether evidence was adduced and rulings made by the trial court and there is no certification as to whether a machine or shorthand record was taken. Reliance did state in its Brief-In-Chief, however, that there was no reporter present during the proceedings in the trial court. The record shows no effort to reconstruct the evidence and the proceedings by stipulation or by order of the court. No notice was given by Reliance to Marchiondo as to what portions of the proceedings below would be relied upon on appeal, nor did Reliance serve on Marchiondo a statement of the issues that would be raised.

Findings of fact were made by the trial court as to the amount of attorney's fees incurred and it was found that the insurance policy was purchased to cover the alleged negligence involved. The trial court then made the legal conclusions that Marchiondo was covered under the Reliance pol-

icy, and that the attorney's fees were therefore owed by that company.

The issue is whether under the state of this record we can justify overturning conclusions of law made by the trial court that appear on their face to be properly supported by the trial court's findings of fact. We think not.

■ The responsibility for seeing that a proper record is filed for an appeal to this Court is clearly that of the appellant. N.M. R.Civ.App. 7 [§ 21–12–7, N.M.S.A.1953 (Supp.1975)]. *Buchanan v. Carpenter,* 65 N.M. 389, 338 P.2d 292 (1959); *Norment v. Mardorf,* 26 N.M. 210, 190 P. 733 (1920); *Baca v. Catron,* 24 N.M. 242, 173 P. 862 (1918); *Loftus v. Johnson,* 22 N.M. 302, 161 P. 1115 (1916). Secondarily, the burden to add to the record on appeal any missing evidence rests upon the appellee if he is the party asserting the lack of evidence in the record. *Williams v. Kemp,* 32 N.M. 233, 252 P. 1000 (1927), *Seinsheimer v. Jacobson,* 24 N.M. 84, 172 P. 1042 (1918). Here the total burden is on the appellant since appellant is the party contending there is no substantial evidence to support the court's judgment. Under Subsection (b) of N.M.R.Civ.App. 7 the appellant must order from the reporter a transcript of such parts of the proceedings "as he deems necessary for inclusion in the record." If the appellant intends to urge on appeal that a finding or verdict is unsupported by evidence or is contrary to the evidence, he must "include in the transcript of proceedings all evidence relevant to [the] findings or verdict." *Accord, Loftus v. Johnson, supra.* Unless the entire transcript of proceedings is to be included, the appellant shall, within the ten day period, "file and serve on the appellee a description of the parts of the proceedings which he intends to include in the transcript and a statement of the issues he intends to present on appeal."

The rule specifies that after the appellee receives the statement of the appellant he may designate additional parts of the transcript of proceedings to be included and must give to the appellant a statement of the issues he intends to present, if less than

a full transcript is ordered. After the transcript has been completed it is the duty of the appellant to file the same, give notice of the filing and the proof of service thereof and file a statement of the reporter as to the cost. Thereafter the appellee has a right to make objections within ten days to the transcript and to have a hearing to resolve any objections.

If no reporter was present during the proceedings, Reliance had alternative methods by which a transcript could be compiled. Under Rule 7(c) if a transcript is unavailable for any reason the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. Then he must serve this on the appellee who may serve objections or propose amendments within ten days after service. Thereafter any objections or proposed amendments are to be submitted to the district court for settlement or approval and the results thereof shall be included in the record on appeal.

■ Basic to the right of appeal is the perfection, certification and filing of the record by the person who intends to rely upon it to support his assertions in the appellate court. *Westland Development Co. v. Saavedra,* 80 N.M. 615, 459 P.2d 141 (1969); *Montoya v. Moore,* 77 N.M. 326, 422 P.2d 363 (1967); *Berkstresser v. Voight,* 63 N.M. 470, 321 P.2d 1115 (1958). The record before us is blank as to whether evidence was adduced in the trial court on the issues here involved or whether there were material rulings made by the judge. We are confronted by the bare fact that no transcript of either evidence or proceedings is before us.

Having neglected to provide a proper record on appeal, Reliance cannot challenge here the correctness of the decision of the trial court. *State ex rel. State Highway Commission v. Sherman,* 82 N.M. 316, 481 P.2d 104 (1971); *Ikelman v. Ikelman,* 82 N.M. 262, 479 P.2d 766 (1971); *Barnett v. Cal M, Inc.,* 79 N.M. 553, 445 P.2d 974 (1968); *General Services Corp. v. Board of Com'rs,* 75 N.M. 550, 408 P.2d 51 (1965).

■ Conclusions of law properly supported by findings of fact will not be overturned on appeal unless it is shown that the facts are not supported by substantial evidence. *Yates v. Ferguson,* 81 N.M. 613, 471 P.2d 183 (1970); *Aetna Casualty & Surety Co. v. Woolley,* 83 N.M. 397, 492 P.2d 1260 (Ct.App.1972). Here Reliance has failed to provide a record from which such a showing could be made.

■ There having been no proper notice given to Marchiondo, as required by the rules, so that he could make arrangements to have the portions of the record supporting his claim certified to this Court, Marchiondo was obviously prejudiced. *Baca v. Ceballos,* 81 N.M. 537, 469 P.2d 516 (Ct.App. 1970), *cert. denied* 81 N.M. 506, 469 P.2d 151 (1970).

The decision of the trial court is affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and FEDERICI, J., concur.